STATE of Wisconsin,
Plaintiff-Appellant,

v.

Carl L. DOWDY,
Defendant-Respondent-Petitioner.

Supreme Court

*No. 2010AP772–CR. Oral argument September 7, 2011.
—Decided February 14, 2012.*

2012 WI 12

(Also reported in 808 N.W.2d 691.)

566

For the defendant-respondent-petitioner there were briefs by *Bryan J. Cahill* and *Godfrey & Kahn, S.C.*, Madison, and oral argument by *Bryan J. Cahill*.

For the plaintiff-appellant the cause was argued by *James M. Freimuth*, assistant attorney general, with whom on the brief was *J.B. Van Hollen*, attorney general.

An amicus curiae brief was filed on behalf of the Association of Criminal Defense Lawyers by *Robert Henak* and *Henak Law Office, S.C.*, Milwaukee, and the

Wisconsin State Public Defender by *Dustin C. Haskell, Kelli S. Thompson, Colleen D. Ball* and the *Office of the State Public Defender*, Milwaukee.

¶ 1. ANNETTE KINGSLAND ZIEGLER, J. This is a review of a published decision of the court of appeals, *State v. Dowdy*, 2010 WI App 158, 330 Wis. 2d 444, 792 N.W.2d 230, that reversed an order by the Milwaukee County Circuit Court[1] granting the defendant's petition to reduce the length of his probation from ten years to seven years, thereby discharging him from probation. The defendant, Carl L. Dowdy (Dowdy), brought his petition pursuant to Wis. Stat. § 973.09(3)(a) (2009–10).[2] Dowdy argued that § 973.09(3)(a) authorizes the circuit court to "modify the terms" of probation and hence authorizes the circuit court to reduce the term, or length, of probation. The circuit court agreed and found cause for reducing the length of Dowdy's probation.

¶ 2. The State appealed, and the court of appeals reversed, concluding that the circuit court had neither statutory nor inherent authority to reduce the length of Dowdy's probation.

---

[1] The Honorable M. Joseph Donald presided.

[2] Wisconsin Stat. § 973.09(3)(a) (2009–10) states that "[p]rior to the expiration of any probation period, the court, for cause and by order, may extend probation for a stated period or modify the terms and conditions thereof."

All subsequent references to the Wisconsin Statutes are to the 2009–10 version unless otherwise indicated.

On July 19, 2011, the legislature amended Wis. Stat. § 973.09(3) by recreating subsection (3)(d). *See* 2011 Wis. Act 38, §§ 93b, 93c. The new subsection (3)(d), which went into effect on August 3, 2011, expressly grants a circuit court authority to discharge a probationer before the expiration of his or her probation period, subject to six requirements. *See id.; infra* note 8.

¶ 3. We granted Dowdy's petition for review. He presents the following four issues:

(1) Does Wis. Stat. § 973.09(3)(a) grant a circuit court authority to reduce the length of probation?

(2) If a circuit court does not have statutory authority to reduce the length of probation, does a circuit court have inherent authority to do so?

(3) If a circuit court has inherent authority to reduce the length of probation, what standard applies when exercising that authority: the "for cause" standard under Wis. Stat. § 973.09(3)(a) or the standard that applies to sentence modification?[3]

(4) In this case, did the circuit court appropriately exercise its discretion to reduce the length of Dowdy's probation from ten years to seven years?

¶ 4. We conclude that Wis. Stat. § 973.09(3)(a) does not grant a circuit court authority to reduce the length of probation. Rather, the plain language of § 973.09(3)(a) grants a circuit court authority only to "extend probation for a stated period" or to "modify the terms and conditions" of probation. When subsection (3)(a) is read in context, it is clear that the authority to "modify the terms and conditions" of probation does not include the authority to reduce the length of probation. Accordingly, in this case, the circuit court erred as a matter of law when it relied upon § 973.09(3)(a) to reduce the length of Dowdy's probation. On that basis, we affirm the decision of the court of appeals.

---

[3] The standard that applies to sentence modification was most recently articulated in *State v. Harbor*, 2011 WI 28, ¶¶ 35–52, 333 Wis. 2d 53, 797 N.W.2d 828. *See also State v. Ninham*, 2011 WI 33, ¶¶ 88–90, 333 Wis. 2d 335, 797 N.W.2d 451.

¶ 5. We decline to decide today whether a circuit court has inherent authority to reduce the length of probation, and if so, what standard applies. Neither Dowdy's petition to the circuit court nor the circuit court's order was grounded in the court's alleged inherent authority. As a general rule, issues not raised in the circuit court will not be considered for the first time on appeal. *Wirth v. Ehly,* 93 Wis. 2d 433, 443, 287 N.W.2d 140 (1980).

## I. FACTUAL BACKGROUND
## AND PROCEDURAL POSTURE

¶ 6. On February 27, 2002, the State charged Dowdy with one count of second degree sexual assault by use or threat of force or violence in violation of Wis. Stat. § 940.225(2)(a) (2001–02).[4] The complaint alleged that on February 22, 2002, Dowdy forcibly engaged an acquaintance, Lawanda M., in nonconsensual penis-to-vagina sexual intercourse by holding her arms over her head and forcing her legs apart.

¶ 7. Dowdy pled not guilty, and the case proceeded to a two-day jury trial. On June 18, 2002, the jury found Dowdy guilty of the charged offense.

¶ 8. On July 23, 2002, the circuit court sentenced Dowdy to 15 years imprisonment, comprised of seven years of initial confinement and eight years on extended supervision. The court then stayed the sentence in favor of a ten-year period of probation, identifying as "an overwhelming factor" Dowdy's likelihood of reha-

---

[4] Wisconsin Stat. § 940.225(2)(a) (2001–02) provides that whoever "[h]as sexual contact or sexual intercourse with another person without consent of that person by use or threat of force or violence" is guilty of a Class BC felony.

bilitation. As conditions of probation, the court imposed one year of confinement with work and treatment release privileges and ordered Dowdy to: pay all costs, surcharges, and special assessments; undergo alcohol and other drug abuse (AODA) assessment; have no contact with the victim; seek and maintain full-time employment; participate in sex offender evaluation and treatment; and comply with any other conditions imposed by the Department of Corrections (DOC).

¶ 9. On October 19, 2007, five years into his probation, Dowdy filed a pro se motion to modify his sentence. The circuit court summarily denied Dowdy's motion.

¶ 10. Two years later, on July 15, 2009, Dowdy, through counsel, petitioned the circuit court to reduce the length of his probation from ten years to seven years. The petition was brought pursuant to Wis. Stat. § 973.09(3)(a), which, according to Dowdy, "allows the court to modify the term of probation for cause." As grounds for his petition, Dowdy maintained that he had complied with the conditions of his probation and did not pose a threat to the community. Specifically, Dowdy alleged that he had no contact with the victim; had completed anger management counseling at the request of his probation agent; had been alternately employed full-time, employed part-time, or seeking employment; had participated in sex offender treatment since 2003 and was twice terminated from treatment only because he continued to deny his offense; had voluntarily attended a weekly men's group through church; and lacked AODA or mental health needs.

¶ 11. On September 29, 2009, the circuit court conducted an evidentiary hearing on Dowdy's petition, at which the victim's advocate and Dowdy's three probation agents testified. All four opposed Dowdy's peti-

tion. The victim's advocate testified that the victim was "very opposed" to a reduction in the length of Dowdy's probation, in light of her belief that Dowdy's sentence was too lenient from the start.

¶ 12. Christy Mueller (Mueller), Dowdy's first probation agent, testified that Dowdy often lied about his whereabouts, was uncooperative with sex offender treatment, and was argumentative. She offered, and Dowdy accepted, an alternative to revocation (ATR) for violations of probation that included "possession of cell phone, having contact with minors, failing to comply with his electronic monitoring, and failing to pay his fees for supervision." Dowdy asked to be transferred from Mueller's supervision in November 2003. In her opinion, they did not get along because Dowdy "was constantly fighting [her] against the rules."

¶ 13. Janelle Petryniec (Petryniec), Dowdy's probation agent from December 2003 through January 2008, testified that Dowdy was mostly compliant with probation but had two violations, the first for "fighting" and the second for "his sexual relationships." While acknowledging that Dowdy attended sex offender treatment, Petryniec described how Dowdy misled a doctor into excusing him from a month of treatment. Still, Petryniec noted, Dowdy never tested positive for drugs or alcohol, was self-employed, and had no contact with the victim.

¶ 14. Finally, Shannon Kloss (Kloss), Dowdy's probation agent at the time, testified that Dowdy was non-compliant with probation and specifically with curfew and sex offender treatment. Reviewing a report on Dowdy's sex offender treatment, Kloss explained that Dowdy exhibited "high" treatment needs in regard to criminal thinking and deceptiveness and had a progress score of "zero out of four" in both areas. At the

same time, Kloss, like Petryniec, testified that Dowdy never tested positive for drugs or alcohol, never contacted the victim, and never refused sex offender treatment.

¶ 15.   At the close of the hearing, the circuit court felt that it needed a better sense of Dowdy's risk and so ordered the DOC to conduct a sex offender risk assessment of Dowdy and provide a report to the court.

¶ 16.   Two days after the hearing, on October 1, 2009, the State moved the circuit court to deny Dowdy's petition on the grounds that the court lacked the statutory authority to reduce the length of Dowdy's probation. The State explained that Wis. Stat. § 973.09(3)(a) authorizes the court only to "extend probation for a stated period or modify the terms and conditions thereof" and does not mention reducing the length of probation.

¶ 17.   In his response, Dowdy argued that since Wis. Stat. § 973.09(3)(a) authorizes a circuit court to "modify the terms" of probation, it necessarily authorizes a circuit court to reduce the term, or length, of probation.

¶ 18.   On January 20, 2010, the DOC filed with the circuit court its report assessing Dowdy's risk of sex offender recidivism. The report, prepared by licensed psychologist Christopher T. Tyre (Tyre), a supervisor in the DOC's Chapter 980 Forensic Evaluation Unit,[5] concluded that Dowdy is a " 'low risk' sexual offender." Tyre diagnosed Dowdy as having an antisocial personality disorder but noted that he has "made significant changes in his life," and as a result, the "manifestations of this diagnosis appear to be in remission or waning."

---

[5] Wisconsin Stat. ch. 980 governs "Sexually Violent Person Commitments."

Tyre noted that while Dowdy was initially in denial of his culpability in the sexual assault, he now "clearly understands that at the time he was only focused on himself," and "despite [the victim's] protestations, he forced her to engage in an act of penis-to-vagina intercourse."

¶ 19.  On February 15, 2010, Dowdy filed with the circuit court a report prepared by Michael S. Kotkin (Kotkin), a licensed psychologist retained by Dowdy. Different from Tyre, Kotkin reported that Dowdy still believes that the victim did not tell the truth. According to Kotkin, Dowdy "indicate[d], 'My sexual offense occurred because I thought the victim, in my case, needed sex.' " Nevertheless, Kotkin concluded that Dowdy presents a "low to low-moderate" risk of recidivism and that "there is some basis" for the notion that an additional three years of probation would serve neither Dowdy's nor the community's best interests.

¶ 20.  The circuit court conducted a second hearing and granted Dowdy's petition to reduce the length of his probation from ten years to seven years. The circuit court determined that it had clear authority under Wis. Stat. § 973.09(3)(a)[6] to "extend, or shorten, or lengthen probation depending on the defendant and the issues that are presented." In Dowdy's case, the court found good cause to reduce the length of probation, reasoning that Dowdy had "managed to meet just about every condition [of probation] except the completion of sex offender treatment." In regard to sex offender treatment, the court found Dowdy's "biggest problem" to be his denial, namely, his refusal to believe

---

[6] While the circuit court cited Wis. Stat. § 973.09(2), we, like the court of appeals, assume that the circuit court meant to reference § 973.09(3)(a). *See State v. Dowdy,* 2010 WI App 158, ¶ 7 & n.2, 330 Wis. 2d 444, 792 N.W.2d 230.

that the victim did not consent. However, as the court explained, as long as Dowdy remains in denial, he will never complete treatment; he will progress only to a certain point and then have to start over.

¶ 21. On February 17, 2010, the circuit court entered its order reducing the length of Dowdy's probation to seven years. By that time, Dowdy had been on probation for nearly seven-and-a-half years, and consequently, the order resulted in Dowdy's discharge from probation.

¶ 22. The State appealed, and the court of appeals reversed. *Dowdy*, 330 Wis. 2d 444. The court of appeals concluded that the circuit court "had neither statutory nor inherent authority to order the reduction" of Dowdy's probation. *Id.*, ¶ 1. In regard to statutory authority, the court of appeals determined that "the plain language of Wis. Stat. § 973.09(3)(a) does not grant a circuit court the authority to reduce a probation period." *Id.*, ¶ 16. Instead, the court of appeals concluded, § 973.09(3)(a) authorizes a circuit court "to 'extend probation for a stated period,' and, as a separate grant of authority, to 'modify' an identified set of terms or conditions of the probation." *Id.*, ¶ 18. The court of appeals rejected Dowdy's argument that the authority to "modify the terms" of probation entails authority to modify, by extending or reducing, the term of probation, explaining that such an interpretation would render the statute's use of the word "extend" surplusage. *Id.*, ¶ 17. In addition, examining § 973.09 as a whole, the court of appeals noted that the legislature did not use the plural word "terms" to denote length or duration. *Id.*, ¶ 19.

¶ 23. The court of appeals declined to decide whether a circuit court has inherent authority to reduce the length of probation. *Id.*, ¶¶ 22, 31. However, even assuming that such inherent authority existed,

576

the court of appeals concluded that it must be subject to the same parameters as the circuit court's well-established inherent authority to modify sentences. *Id.*, ¶¶ 28, 31 (citing *State v. Crochiere,* 2004 WI 78, ¶ 12, 273 Wis. 2d 57, 681 N.W.2d 524). In Dowdy's case, the relevant parameter would be the circuit court's inherent authority to modify a sentence based upon the showing of a "new factor." *See id.,* ¶ 35. However, the court of appeals determined that because post-sentence conduct does not qualify as a "new factor" for purposes of sentence modification, *id.,* ¶ 35 (citing *State v. Kaster,* 148 Wis. 2d 789, 804, 436 N.W.2d 891 (Ct. App. 1989)), Dowdy's claimed rehabilitation would not qualify as a "new factor" for purposes of probation modification, *id.* Accordingly, the court of appeals concluded that even assuming the circuit court had inherent authority to reduce the length of Dowdy's probation, such authority could not have been invoked in response to Dowdy's claimed rehabilitation. *Id.,* ¶ 22.

¶ 24. Dowdy petitioned this court for review, which we granted on March 16, 2011.

## II. STANDARD OF REVIEW

¶ 25. In this case, we must interpret Wis. Stat. § 973.09(3)(a) to determine whether it grants a circuit court authority to reduce the length of probation. Statutory interpretation presents a question of law that we review de novo while benefiting from the analyses of the court of appeals and circuit court. *Heritage Farms, Inc. v. Markel Ins. Co.,* 2009 WI 27, ¶ 5, 316 Wis. 2d 47, 762 N.W.2d 652.

¶ 26. Assuming Wis. Stat. § 973.09(3)(a) does grant a circuit court authority to reduce the length of

probation, then a court may exercise that authority only "for cause." Whether cause exists under § 973.09(3)(a) is subject to the circuit court's discretion. *State v. Jackson,* 128 Wis. 2d 356, 365, 382 N.W.2d 429 (1986). We will uphold the circuit court's discretionary determination so long as the court reasonably applied the facts of record to the appropriate legal standard. *See State v. Ringer,* 2010 WI 69, ¶ 24, 326 Wis. 2d 351, 785 N.W.2d 448.

## III. ANALYSIS

¶ 27.  To determine a circuit court's authority with respect to probation, we must look to the statutes. *See Grobarchik v. State,* 102 Wis. 2d 461, 467, 307 N.W.2d 170 (1981). Under the doctrine of separation of powers, it is for the legislature to prescribe the penalty for a particular crime and the manner of its enforcement, and it is the duty of the court to impose that penalty. *State v. Horn,* 226 Wis. 2d 637, 646, 594 N.W.2d 772 (1999); *Grobarchik,* 102 Wis. 2d at 467. Accordingly, "[i]f the authority to fashion a particular criminal disposition exists, it must derive from the statutes." *Grobarchik,* 102 Wis. 2d at 467; *see also State v. Sepulveda,* 119 Wis. 2d 546, 553, 350 N.W.2d 96 (1984). Probation is one such disposition.

¶ 28.  Pursuant to Wis. Stat. § 973.09(1)(a), the legislature has granted a circuit court authority to impose probation. *Horn,* 226 Wis. 2d at 648. Section 973.09(1)(a) provides, in relevant part, that if a person is convicted of a crime, a court may, by order, impose and stay a sentence and "place the person on probation to the [DOC] for a stated period, stating in the order the reasons therefor." In addition, "[t]he court may impose

578

any conditions which appear to be reasonable and appropriate." § 973.09(1)(a).

¶ 29.  Included within a circuit court's statutory authority to impose probation is the authority under Wis. Stat. § 973.09(3)(a) to "extend probation for a stated period or modify the terms and conditions thereof." Section 973.09(3)(a) is the focus of the case before us today. We must interpret § 973.09(3)(a) to determine whether it grants a circuit court authority to reduce the length of probation.

■■

¶ 30.  "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 44, 271 Wis. 2d 633, 681 N.W.2d 110. To that end, statutory interpretation begins with the language of the statute. *Id.*, ¶ 45. If the meaning is plain, our inquiry ends. *Id.*

■■

¶ 31.  We give statutory language "its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning." *Id.* In addition, statutory language is not interpreted in isolation but rather in context, that is, in relation to the language of surrounding or closely-related statutes. *Id.*, ¶ 46. Our interpretation should give reasonable effect to every word, so as to avoid surplusage or absurd results. *Id.* If this analysis yields a plain statutory meaning, then the language is unambiguous, and there is no need to consult extrinsic sources of legislative intent. *Id.* Indeed, we must " 'presume that a legislature says in a statute what it means and means in a statute what it says . . . .' " *Id.*, ¶ 39 (quoting *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253–54 (1992)).

¶ 32. If, however, a statute is "capable of being understood by reasonably well-informed persons in two or more senses," then the statute is ambiguous. *Id.*, ¶ 47. Generally, only if a statute is ambiguous will we aid our interpretation with extrinsic sources. *Id.*, ¶ 50. This general rule "prevents the use of extrinsic sources of interpretation to vary or contradict the plain meaning of a statute . . . ." *Id.*, ¶ 51.

¶ 33. Applying the foregoing principles to Wis. Stat. § 973.09(3)(a), we conclude that the statute does not grant a circuit court authority to reduce the length of probation. Our conclusion is based upon the statute's plain language.

¶ 34. The plain language of Wis. Stat. § 973.09(3)(a) grants a circuit court authority only to "extend probation for a stated period" or to "modify the terms and conditions" of probation. Section 973.09(3)(a) clearly authorizes a circuit court to extend the length of probation. Noticeably absent from the statute, however, is any authority to "reduce" probation for a stated period.

¶ 35. Still, Dowdy argues that a circuit court's authority to "modify the terms and conditions" of probation encompasses the authority to reduce the length of probation. Dowdy reasons that the word "modify" commonly means to reduce or lessen in severity. By authorizing the circuit court to "modify the terms" of probation, Dowdy argues, Wis. Stat. § 973.09(3)(a) necessarily authorizes the circuit court to reduce the term, or length, of probation. We disagree.

¶ 36. It is true that the word "modify" can mean to reduce or make less severe, but it is also true that "modify" commonly denotes change or alteration gener-

ally. *The American Heritage Dictionary of the English Language* 1161 (3d ed. 1992); *see also State v. Fisher,* 2005 WI App 175, ¶ 10, 285 Wis. 2d 433, 702 N.W.2d 56. In other words, while the word "modify" could mean to change by reducing or lessening, it could also mean to change by extending or increasing. If, as Dowdy suggests, the phrase "modify the terms" in Wis. Stat. § 973.09(3)(a) authorizes a circuit court to change, by reducing or extending, the length of probation, then the statute's specific grant of authority to "extend probation for a stated period" is superfluous. We cannot interpret § 973.09(3)(a) in a manner that renders an entire phrase of the statute needless. *See Kalal,* 271 Wis. 2d 633, ¶ 46.

¶ 37. Furthermore, Dowdy's interpretation of the phrase "modify the terms" rests on the faulty premise that the plural word "terms" is the same as the singular word "term," which is synonymous with length. Dowdy is correct that ordinarily, when construing statutes, we follow the rule that "the plural includes the singular." *See* Wis. Stat. § 990.001(1). However, that general rule must yield to the "manifest intent of the legislature." § 990.001. The plain language of Wis. Stat. § 973.09(3)(a), which authorizes a circuit court to "extend probation for a stated period," evinces the legislature's intent for the word "period" to mean the duration or length of probation. To construe the word "terms" as "term" and hence synonymous with length would be to deprive the word "period" of independent meaning. Again, our principles of statutory interpretation preclude such a result. *See Kalal,* 271 Wis. 2d 633, ¶ 46; *Graziano v. Town of Long Lake,* 191 Wis. 2d 812, 822, 530 N.W.2d 55 (Ct. App. 1995) ("[W]here the legislature uses similar but different terms in a statute, particularly within the same section, we may presume it intended the terms to have different meanings."). In-

stead, we must strive to give the plural word "terms" independent, reasonable effect. *See Kalal,* 271 Wis. 2d 633, ¶ 46.

■

¶ 38. The plural word "terms" has a special definitional meaning in the law. *Black's Law Dictionary* defines the plural word "terms" as "[p]rovisions that define an agreement's scope; conditions or stipulations." *Black's Law Dictionary* 1482 (7th ed. 1999). As that definition makes apparent, the word "terms" is synonymous with the word "conditions." *See id.* at 290 (defining "condition"). In fact, in the law, the words are used interchangeably and often appear together as "terms and conditions." *See, e.g., Town Bank v. City Real Estate Dev., LLC,* 2010 WI 134, ¶ 8, 330 Wis. 2d 340, 793 N.W.2d 476; *Ehlinger v. Hauser,* 2010 WI 54, ¶ 10 n.7, 325 Wis. 2d 287, 785 N.W.2d 328; *Johnson Controls, Inc. v. London Mkt.,* 2010 WI 52, ¶¶ 32, 44, 325 Wis. 2d 176, 784 N.W.2d 579; *Ash Park, LLC v. Alexander & Bishop, Ltd.,* 2010 WI 44, ¶ 10, 324 Wis. 2d 703, 783 N.W.2d 294. Wisconsin Stat. § 973.09(3)(a) is no exception. By providing that a circuit court may "modify the terms and conditions" of probation, the legislature authorized a circuit court to change the conditions imposed upon a probationer, namely, the obligations upon which his or her probation depends. *See Edwards v. State,* 74 Wis. 2d 79, 83–84, 246 N.W.2d 109 (1976) (making clear that the circuit court had authority under § 973.09(3)(a) to modify for cause the probationer's condition that she refrain from consorting with her co-defendants); *State v. Schell,* 2003 WI App 78, ¶ 13, 261 Wis. 2d 841, 661 N.W.2d 503 (discussing § 973.09 and using the plural word "terms" interchangeably with the "conditions" of probation). By interpreting § 973.09(3)(a) in this manner, we give independent, reasonable effect to both the

phrase "modify the terms and conditions" of probation and the phrase "extend probation for a stated period."

¶ 39. The statutory context of Wis. Stat. § 973.09(3)(a) confirms our interpretation. Section 973.09(1)(a), the statute from which a circuit court's authority to impose probation derives, provides that a court may place a person on probation "for a stated period" and also may "impose any conditions" of probation. Subsection (1)(a) thus confirms that the legislature drew a distinction between the "period" or length of probation and any imposed "conditions" of probation. Interpreting subsection (3)(a) in light of subsection (1)(a), it is even more clear that a circuit court's authority to "modify the terms and conditions" of probation does not include the authority to reduce the length of probation.

¶ 40. As Dowdy points out, however, Wis. Stat. § 973.09(1)(a) uses the singular word "term," in addition to "period," to mean a length of time. Similarly, § 973.09(2) outlines the minimum and maximum "original term of probation" that may be imposed for different quantities and classes of misdemeanor and felony offenses. There is no doubt that in the context of § 973.09(2), "term" means a length of time. Still, the legislature's use of the singular word "term" in § 973.09(2) does not change our interpretation of the plural word "terms" in § 973.09(3)(a). As evident by the succeeding subsections of Wis. Stat. § 973.09, the legislature consistently used the plural word "terms" in relation to the "conditions" of probation. *See, e.g.,* §§ 973.09(3)(a) ("terms and conditions"); 973.09(3)(bm)2. ("terms and conditions"); 973.09(3)(bm)3. ("terms and conditions").

¶ 41. Finally, the succeeding subsections of Wis. Stat. § 973.09(3) confirm that a circuit court's authority

583

under subsection (3)(a) with respect to the length of probation is limited to extension. First, subsections (3)(b) and (3)(bm), which concern a circuit court's duty to conduct a probation review hearing upon notice of a probationer's failure to pay restitution or supervision fees, speak only to a circuit court's authority to extend probation or to modify its conditions. *See* §§ 973.09(3)(b) ("If payment as ordered has not been made, the court shall hold a probation review hearing prior to the expiration date, unless the hearing is voluntarily waived by the probationer with the knowledge that waiver may result in an *extension of the probation period* or in a revocation of probation. If the court does not *extend probation,* it shall issue a judgment for the unpaid restitution . . . ." (Emphasis added.)); 973.09(3)(bm)2. ("A waiver of a probation review hearing under this subdivision shall include an acknowledgement by the probationer that waiver may result in an *extension of the probation period, a modification of the terms and conditions of probation* or a revocation of probation." (Emphasis added.)); 973.09(3)(bm)3. ("If the [DOC] proves by a preponderance of the evidence that the probationer owes unpaid fees under s. 304.074, the court may, by order, *extend the period of probation for a stated period or modify the terms and conditions of probation.*" (Emphasis added.)).[7] Second, subsection (3)(c) lists three circum-

[7] In their amicus curiae brief, the Wisconsin State Public Defender and the Wisconsin Association of Criminal Defense Lawyers rely on Wis. Stat. § 973.09(3)(bm)4. to argue that the plural word "terms" must mean the length of probation. Section 973.09(3)(bm)4. states, in relevant part, that "[i]f the court does not *extend or modify the terms of probation* under subd. 3., it shall issue a judgment for the unpaid fees . . . ." (Emphasis added.) The amicus curiae maintain that § 973.09(3)(bm)4. can be read only to mean that a circuit court may "extend . . . the terms of

stances that "may constitute cause for the *extension of probation*" but is silent as to any circumstances that may constitute cause for the reduction of probation. § 973.09(3)(c) (emphasis added). In fact, in all of § 973.09(3), the only mention of a probation reduction in any form is in subsection (3)(d), which authorizes the DOC to discharge a probationer "if the person has completed 50 percent of his or her period of probation." § 973.09(3)(d). Notably, subsection (3)(d) grants only the DOC, not a circuit court, the authority to discharge a probationer before the expiration of his or her probation period.[8] Had the legislature intended for a circuit court to have such statutory authority, it simply could have said so.

---

probation," and consequently, the plural word "terms" must refer to a length of time. We might agree with the amicus curiae, were it not for the statute's qualifying language of "under subd. 3." Section 973.09(3)(bm)3., to which subsection (3)(bm)4. refers, makes clear that the word "extend" modifies only "the period of probation," not "the terms and conditions of probation."

The amicus curiae make the same argument by relying on language in *State v. Sepulveda,* 119 Wis. 2d 546, 350 N.W.2d 96 (1984). The *Sepulveda* court stated: "This court recognized in *Huggett* that inherent within the probation statute is the court's continued power to effectuate the dual purposes of probation, namely rehabilitating the defendant and protecting society, through the court's authority *to modify or extend probationary terms.*" *Id.* at 554 (emphasis added); *see also State v. Schell,* 2003 WI App 78, ¶ 13, 261 Wis. 2d 841, 661 N.W.2d 503. Again, however, we point out the significance of the qualifying language. The *Sepulveda* court was merely paraphrasing our discussion of Wis. Stat. § 973.09(3)(a) in *Huggett v. State,* 83 Wis. 2d 790, 266 N.W.2d 403 (1978). *Huggett* makes more than clear that a circuit court's authority to extend probation relates to the "period" of probation. *See id.* at 794, 795, 799, 801, 803.

[8] Notable still, when the legislature created Wis. Stat. § 973.09(3)(d), it proposed language that would have expressly

## IV. CONCLUSION

¶ 42. We conclude that Wis. Stat. § 973.09(3)(a) does not grant a circuit court authority to reduce the length of probation. Rather, the plain language of § 973.09(3)(a) grants a circuit court authority only to "extend probation for a stated period" or to "modify the terms and conditions" of probation. When subsection (3)(a) is read in context, it is clear that the authority to "modify the terms and conditions" of probation does not include the authority to reduce the length of probation. Accordingly, in this case, the circuit court erred as a

---

granted a circuit court authority to discharge a probationer before the expiration of his or her probation period. *See* 2009 Wis. Act 28, § 3392d (proposing that § 973.09(3)(d) include language permitting "[t]he court [to] modify the person's period of probation and order the person discharged from probation if the person has complied with the conditions of his or her probation, has paid restitution ordered under s. 973.20, and has paid all ordered court costs, fines or forfeitures, and supervision fees"). However, the Governor successfully vetoed that language. *See id.; State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 51, 271 Wis. 2d 633, 681 N.W.2d 110 (providing that legislative history may be consulted "to confirm or verify a plain-meaning interpretation").

In fact, on July 19, 2011, after we received the parties' briefs in the instant case, the legislature recreated Wis. Stat. § 973.09(3)(d) and this time successfully added language expressly granting a circuit court authority to discharge a probationer before the expiration of his or her probation period. *See* 2011 Wis. Act 38, §§ 93b, 93c. The new statute went into effect on August 3, 2011, *id.*, and lists six requirements that must be met in order for a circuit court to discharge a probationer, *see id.*, § 93c. Significant for our purposes today, these six requirements, which function as conditions precedent to a probationer's discharge, would be meaningless if a circuit court had broad discretionary authority under § 973.09(3)(a) to reduce the length of probation for cause.

586

matter of law when it relied upon § 973.09(3)(a) to reduce the length of Dowdy's probation. On that basis, we affirm the decision of the court of appeals.

¶ 43.    We decline to decide today whether a circuit court has inherent authority to reduce the length of probation, and if so, what standard applies. Neither Dowdy's petition to the circuit court nor the circuit court's order was grounded in the court's alleged inherent authority. As a general rule, issues not raised in the circuit court will not be considered for the first time on appeal. *Wirth,* 93 Wis. 2d at 443.

*By the Court.*—The decision of the court of appeals is affirmed.

¶ 44. DAVID T. PROSSER, J., did not participate.

¶ 45. SHIRLEY S. ABRAHAMSON, C.J. (*dissenting*). I write to make four points.

¶ 46.    I.    The majority opinion errs in declaring that the defendant, Carl L. Dowdy, forfeited the right to obtain review in this court of the question whether a circuit court has inherent authority to reduce the length of probation. Under the well understood rule of forfeiture, the case law applying the rule, and rules of appellate practice, it is clear that the defendant did not forfeit the right to have this court decide the inherent authority issue. Neither party argued or briefed the forfeiture issue. The court has taken its own detour and its conclusion is contrary to accepted practice. Thus, this court should address whether circuit courts have inherent authority to reduce the length of probation.

¶ 47.    II.    I would hold that circuit courts possess inherent authority to reduce the length of probation.

¶ 48.    III.    This court should also delineate the scope of a circuit court's inherent authority to reduce the length of probation. I would hold that a circuit court

587

may exercise its inherent authority to reduce the length of probation only "for cause."[1] The "for cause" standard means that a circuit court will exercise its inherent authority when doing so advances the dual purposes of probation: "to rehabilitate the defendant and to protect society without placing the defendant in prison."

¶ 49.  Because the purposes of probation and sentencing are not the same, I conclude that the scope of a circuit court's inherent authority to reduce the length of probation is not the same as the scope of a circuit court's inherent authority to modify a sentence.

¶ 50.  Had this court addressed the issue of inherent authority and its scope, it would have been appropriate to remand the matter to the court of appeals to determine whether the circuit court's order is consistent with the circuit court's inherent authority, as defined by this court.

¶ 51.  IV.  Because this court has not decided whether circuit courts possess the inherent authority to reduce the length of probation and a probationer is not limited to bringing only one motion to reduce the length of probation,[2] the defendant is free to petition the circuit court again to reduce the length of his probation and argue that it has inherent, but not statutory, authority to do so.

---

[1] "For cause" is the standard set forth in Wis. Stat. § 973.09(3)(a), which is applicable to a circuit court's discretionary authority to extend the period of probation and modify the terms and conditions of probation.

[2] *See State v. Gray,* 225 Wis. 2d 39, 69, 590 N.W.2d 918 (1999) (holding that Wis. Stat. § 973.09(3)(a) allows circuit courts to modify conditions of probation and extend probation at any time before the period of probation expires).

¶ 52.   The majority refuses to address the issue of a circuit court's inherent authority to reduce the length of probation. The majority opinion avoids deciding the issue by mistakenly relying on the well-recognized rule that "issues not raised in the circuit court will not be considered for the first time on appeal."[3]

¶ 53.   Neither party argued (orally or in writing) that either party forfeited the right to have this court decide the issue of a circuit court's inherent authority in the present case. Once again, the court is on a detour of its own, without briefs or argument. Although the majority does not use the word "forfeiture," it clearly invokes a forfeiture rule.

¶ 54.   "[F]orfeiture is the failure to make the timely assertion of a right"[4] and it applies to a losing party at trial who wishes to raise an issue in an appellate court that he or she failed to raise in the circuit court. In the present case, however, the majority opinion applies the forfeiture rule to the party who won in the circuit court (the defendant) and is furnishing this court with a new argument supporting the circuit court's order.

¶ 55.   This court explained forfeiture in *State v. Ndina,* 2009 WI 21, 315 Wis. 2d 653, 761 N.W.2d 612, as follows:

---

[3] Majority op., ¶ 5 (citing *Wirth v. Ehly,* 93 Wis. 2d 433, 443, 287 N.W.2d 140 (1980)).

[4] *State v. Ndina,* 2009 WI 21, ¶ 29, 315 Wis. 2d 653, 761 N.W.2d 612. *Ndina* distinguished between forfeiture and waiver. The latter applies to certain "fundamental" or "important" rights that are not lost simply by the party's failure to object; they must be "knowingly" and "expressly" relinquished. *Ndina,* 315 Wis. 2d 653, ¶ 31.

> [S]ome rights are forfeited when they are not claimed at trial; a mere failure to object constitutes a forfeiture of the right on appellate review. The purpose of the "forfeiture" rule is to enable the circuit court to avoid or correct any error with minimal disruption of the judicial process, eliminating the need for appeal. The forfeiture rule also gives both parties and the circuit court notice of the issue and a fair opportunity to address the objection; encourages attorneys to diligently prepare for and conduct trials; and prevents attorneys from "sandbagging" opposing counsel by failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal.[5]

¶ 56. The defendant in the instant case proceeded correctly and nevertheless has a forfeiture called on him. Several rules governing forfeiture come into play in the instant case, all favorable to the defendant so that forfeiture should not be declared.

¶ 57. First, a victorious party in the circuit court, here the defendant, need not raise alternative arguments in the circuit court to fortify the circuit court's ruling to preserve these arguments for review in this court. (See second rule below.) Furthermore, a circuit court need not give alternative grounds for a ruling.

¶ 58. Second, the general rule is that a respondent in the court of appeals (here, the defendant) may advance, and the court of appeals can consider, a ground for sustaining the circuit court's order or judgment, even if it was not raised in the circuit court. *See, e.g., Glendenning's Limestone & Ready-Mix Co. v. Reimer,* 2006 WI App 161, ¶ 14, 295 Wis. 2d 556, 721 N.W.2d 704; *Doe v. Gen. Motors Acceptance Corp.,* 2001 WI App 199, ¶ 7, 247 Wis. 2d 564, 635 N.W.2d 7.

---

[5] *Ndina,* 315 Wis. 2d 653, ¶ 30 (citations omitted).

¶ 59. In the present case, the State lost in the circuit court and appealed to the court of appeals. The State argued in the court of appeals that the circuit court lacked statutory power. The State further argued, for the first time, that even though the circuit court probably had inherent authority to reduce the length of probation, the circuit court did not exercise that authority properly.

¶ 60. In response to the State, the defendant argued in the court of appeals that the circuit court reached the correct result not only on its stated ground of statutory power, but also on the basis of a ground upon which the circuit court did not rely, namely its inherent authority to reduce the length of probation. The defendant lost in the court of appeals on both arguments and sought review in this court on the issue of the power of a circuit court to reduce the length of probation.

¶ 61. Third, on review in this court, this court will affirm a circuit court's judgment or order on a new ground, even if the circuit court reached its result for the wrong reason, as long as the record is adequate and the parties have had an opportunity to brief the issue here. *Kolpin v. Pioneer Power & Light Co.*, 162 Wis. 2d 1, 30, 469 N.W.2d 595 (1991); *State v. Alles*, 106 Wis. 2d 368, 391–92, 316 N.W.2d 378 (1982).

¶ 62. Fourth, in his petition for review in this court the defendant correctly preserved the issue of a circuit court's inherent authority, stating the issue presented to this court as follows: "If the circuit court did not have statutory authority to reduce the length of Dowdy's probation, did the court have inherent authority to do so?" This statement in the petition for review protected the defendant's right to argue the issue of inherent authority before this court.[6]

---

[6] Wis. Stat. § (Rule) 809.62(6).

¶ 63. The State's response to the defendant's petition for review did not assert that the defendant had forfeited his right to review of the issue of a circuit court's inherent authority.[7] Both parties thoroughly briefed the issue of a circuit court's inherent authority in this court.

¶ 64. Thus, on the basis of these four rules of appellate practice, the rule of forfeiture does not apply here. The issue of a circuit court's inherent authority to reduce the length of probation is properly before this court, and this court should address it.

¶ 65. Finally, even if the rule of forfeiture does apply (and it does not), this case clearly falls into the class of cases in which this court ignores the rule of forfeiture , and exercises its discretion to address an issue.[8] Forfeiture "is not absolute and exceptions are made."[9] The rule of forfeiture is "one of administration and does not involve the Court's power to address the issues raised."[10]

¶ 66. In numerous cases, the court has declared that it is appropriate to address an issue when "all new issues raised are legal questions, the parties have

---

[7] A response to the petition may contain "any perceived defects that may prevent ruling on the merits of any issue in the petition." Wis. Stat. (Rule) § 809.62(3)(c).

[8] *Wirth,* 93 Wis. 2d at 444. For cases in which an appellate court exercised its discretion to address an argument or issue and ignore the forfeiture rule, see, *e.g., Apex Electronics Corp. v. Gee,* 217 Wis. 2d 378, 577 N.W.2d 23 (1998); *Binder v. Madison,* 72 Wis. 2d 613, 241 N.W.2d 613 (1976); *Dalka v. Am. Family Mut. Ins. Co.,* 2011 WI App 90, ¶¶ 5–6, 334 Wis. 2d 686, 799 N.W.2d 923.

[9] *Wirth,* 93 Wis. 2d at 443.

[10] *Id.* at 444.

thoroughly briefed the issues and there are no disputed issues of fact."[11]

¶ 67.   The present case is one in which the rule of forfeiture could appropriately be overlooked by this court. The issue of the circuit court's inherent authority to reduce the length of probation is a question of law, and no disputed facts exist. The circuit court's inherent authority in this realm " 'is one of sufficient public interest to merit decision.' "[12]

¶ 68.   The issue arises frequently, and deciding the issue will assist the State, future defendants and probationers, and circuit courts. Several circuit court cases in which the circuit courts operated with the understanding that they had authority to reduce the length of probation consistent with probation's purpose of rehabilitating the defendant and protecting the public are set forth in the Nonparty Brief and Appendix of the Wisconsin State Public Defender and the Wisconsin Association of Criminal Defense Lawyers. An informal survey of members of the Wisconsin Association of Criminal Defense Lawyers reported that circuit courts in counties across the state have reduced the length of probation.

¶ 69.   By casting doubt on the general understanding of circuit courts about their inherent authority to reduce the length of probation, the court of appeals decision eliminates a critical tool currently used by circuit courts that provides flexibility to ensure the terms and conditions of probation are effective.

¶ 70.   Deciding the issue in the present case will not work an injustice on either the State or the defendant, both of whom briefed the issue at length.

---

[11] *Id.*

[12] *Id.* (quoting *Binder,* 72 Wis. 2d at 618).

¶ 71. For these reasons, I conclude that the court has erred in relying on a forfeiture and that the court should decide whether a circuit court has inherent authority to reduce a defendant's length of probation.

II

¶ 72. I turn now to the question whether a circuit court has inherent authority to reduce the length of probation.

¶ 73. Neither party disputes that circuit courts have inherent authority to reduce the length of a defendant's probation. I agree with the parties on this issue.

¶ 74. Circuit courts have "inherent, implied and incidental powers."[13] These terms are used together, separately, and also interchangeably in the case law[14] " 'to describe those powers which must necessarily be used' to enable the judiciary to accomplish its *constitutionally* and *legislatively* mandated functions."[15] Rather than use these three terms—inherent, implied, and

[13] *State ex rel. Friedrich v. Circuit Court for Dane County,* 192 Wis. 2d 1, 16, 531 N.W.2d 32 (1995), *quoted with approval in State v. Henley,* 2010 WI 97, ¶ 73, 328 Wis. 2d 544, 787 N.W.2d 350.

[14] *See, e.g., In re Kading,* 70 Wis. 2d 508, 517–18, 238 N.W.2d 63 (1976); *State v. Cannon,* 199 Wis. 401, 402, 226 N.W. 385 (1929).

[15] *Friedrich,* 192 Wis. 2d at 16 (quoting *State v. Holmes,* 106 Wis. 2d 31, 44, 315 N.W.2d 703 (1982)) (emphasis added).

"Wisconsin courts have generally exercised inherent authority in three areas: (1) to guard against actions that would impair the powers or efficacy of the courts or judicial system; (2) to regulate the bench and bar; and (3) to ensure the efficient and effective functioning of the court, and to fairly administer justice." *Henley,* 328 Wis. 2d 544, ¶ 73 (citation omitted).

incidental—to describe a circuit court's powers in the present case, I use the term "inherent authority," as do the parties and the court of appeals.

¶ 75.   Case law teaches that "an inherent power is one without which a court cannot properly function."[16] The question then is whether a circuit court needs authority to reduce the length of probation to accomplish its constitutionally or legislatively mandated functions, that is, whether a circuit court needs this authority for its orderly functioning as a court in imposing probation and governing the terms and conditions of probation as the legislature has provided.

¶ 76.   It is well established that the legislative branch mandates criminal penalties. Discussing judicial powers, the court has treated probation like sentencing as follows:   "[L]ike sentencing, the legislature has specifically granted the judiciary the authority to impose probation as an alternative to sentencing. Wis. Stat. § 973.09(1)(a). Without such statutory authority, a court could not place a defendant on probation."[17]

¶ 77.   In discussing the constitutional separation of powers doctrine with regard to sentencing—that is, the respective powers of the legislative, executive, and judicial branches over sentencing—the court has treated probation like sentencing as follows:   "Like sentencing,

[16] *State v. Braunsdorf,* 98 Wis. 2d 569, 580, 297 N.W.2d 808 (1980).

[17] *State v. Horn,* 226 Wis. 2d 637, 648, 594 N.W.2d 772 (1999).

Although the similarities between probation and sentencing noted by the *Horn* court influence my conclusion that circuit courts have inherent authority to reduce the length of probation, the *Horn* court noted that probation and sentencing are not one and the same. Probation itself is not generally a sentence. Probation is an alternative to sentencing. *See* ¶ 52, *infra.*

the legislature has constitutional authority to offer probation as an alternative to sentencing, the judiciary has authority to impose probation, and the executive branch has the authority to administer probation."[18] The court has explicitly declared that "probation and probation revocation are within shared powers" of the legislative, executive and judicial branches of government.[19]

¶ 78. With regard to a circuit court's authority to modify a sentence, the court has declared: "The power to modify a sentence is one of the judiciary's inherent powers."[20]

¶ 79. With regard to a circuit court's authority over probation, the court has declared that " 'inherent within the probation statute is the court's continued power to effectuate the dual purposes of probation, namely, rehabilitating the defendant and protecting society, through the court's authority to modify or extend probationary terms.' "[21]

¶ 80. The court has not explicitly stated that circuit courts possess inherent authority to reduce the length of probation, although existing case law leads to the conclusion that reduction of the length of probation

[18] *Horn,* 226 Wis. 2d at 648.

[19] *Id.*

[20] *State v. Crochiere,* 2004 WI 78, ¶ 11, 273 Wis. 2d 57, 681 N.W.2d 524 (citing with approval *Hayes v. State,* 46 Wis. 2d 93, 101, 175 N.W.2d 625 (1970)).

[21] *Gray,* 225 Wis. 2d at 68 (quoting *State v. Sepulveda,* 119 Wis. 2d 546, 554, 350 N.W.2d 96 (1984)). For discussions of the goals of probation being rehabilitation and protection of society and modification of the terms and condition of probation to promote these goals, see *Huggett v. State,* 83 Wis. 2d 790, 798, 803, 266 N.W.2d 403; *Edwards v. State,* 74 Wis. 2d 79, 83, 246 N.W.2d 109 (1976); *Prue v. State,* 63 Wis. 2d 109, 114, 215 N.W.2d 43 (1974).

falls within a circuit court's inherent authority over probation, just as modification of a sentence falls within a circuit court's inherent authority over sentencing.

¶ 81.   The State, the defendant,[22] the Department of Corrections,[23] the American Bar Association,[24] and circuit courts across the state[25] assume or affirmatively adopt the principle that a circuit court has authority to

---

[22] *See* Brief of Petitioner at 42–46; Brief of Respondent at 27–29.

[23] A Department of Corrections (DOC) regulation acknowledges the circuit court's inherent power to reduce the length of probation:   "A [probationer] shall be discharged upon the issuance of a discharge certificate by the secretary at the expiration of the term noted on the court order . . . unless: (a) The court has subsequently modified the term and extended *or reduced it* . . . ." Wis. Admin. Code § DOC 328.17(2) (Dec. 2006) (emphasis added).

The Note to this DOC regulation makes the point even clearer:   "[Probationers] are discharged at the expiration of the term noted on the court's order . . . unless the term has been extended by subsequent court action or *unless a discharge at an earlier time is merited because of an action by a court,* the governor, or department." Wis. Admin. Code § DOC 328.17, Appendix, Note: DOC 328.17 (Dec. 2006) (emphasis added). The DOC regulation reflects the settled notion that circuit courts have the inherent authority to reduce a defendant's length of probation.

[24] ABA, *Standards Relating to Probation* § 4.2 (1970) ("The sentencing court should have authority to terminate probation at any time. Such authority should be exercised prior to the term fixed in the original sentence if it appears that the offender has made a good adjustment and that further supervision or enforced compliance with other conditions is no longer necessary.").

[25] *See* Nonparty Brief and Appendix of the Wisconsin State Public Defender and the Wisconsin Association of Criminal Defense Lawyers at 7.

reduce the length of probation. These sources view this authority as essential to the judicial function of imposing probation. Unless circuit courts have inherent authority to reduce the length of probation when necessary to effectuate the dual purposes of probation, a circuit court's ability to impose and govern probation fairly and effectively will be undermined.

¶ 82. That a circuit court has inherent authority to reduce the length of probation does not conflict with former Wis. Stat. § 973.09(3)(d) (2009–10), which allowed the Department of Corrections to "modify a person's period of probation and discharge the person from probation if the person has completed 50% of his or her period of probation," or the recently modified § 973.09(3)(d), which allows a circuit court to discharge a probationer when specific statutory conditions are met, including a petition by the Department of Corrections to a circuit court to reduce the length of probation.[26]

¶ 83. Because probation is a power that the judicial branch shares with the legislative and executive branches, a circuit court may not unduly burden or substantially interfere with the power of the other branches with regard to probation, and the legislative and executive branches may not unduly burden or substantially interfere with the judiciary's function

[26] The conditions are: "(1) The [D]epartment [of Corrections] petitions the court to discharge the person from probation. (2) The probationer has completed 50 percent of his or her period of probation. (3) The probationer has satisfied all conditions of probation that were set by the sentencing court. (4) The probationer has satisfied all rules and conditions of probation that were set by the [DOC]. (5) The probationer has fulfilled all financial obligations . . . . (6) The probationer is not required to register [as a sex offender]." *See* 2011 Wis. Act 38.

with regard to probation.[27] I conclude that a circuit court's authority to reduce the length of probation does not unduly interfere with the powers of the legislative or executive branches regarding probation.

¶ 84.   Although the legislature has granted the Department of Corrections (an executive branch agency) powers relating to the reduction of the length of probation, a circuit court's exercising judicial power to reduce the length of probation does not unduly interfere with the powers the legislature has granted the executive branch.

¶ 85.   The Department of Corrections and the circuit courts are separate entities in separate, coordinate branches of the government. The Department of Corrections and the circuit courts are charged with different responsibilities regarding probation. Wisconsin Stat. § 973.09(3)(d), as revised, allows the Department of Corrections to exercise its legislatively mandated powers and petition circuit courts to reduce the length of probation for stated reasons in certain situations. It does not follow that circuit courts are powerless to reduce the length of probation when the Department of Corrections does not file a petition.[28] The Department of Corrections' powers to reduce the length of probation or

---

[27] "The focus of this evaluation [of the powers of the legislative and judicial branches] is whether one branch's exercise of power has impermissibly intruded on the constitutional power of the other branch." *Friedrich,* 192 Wis. 2d at 15. *See also Horn,* 226 Wis. 2d at 648–50; *State v. Holmes,* 106 Wis. 2d 31, 38, 68–69, 315 N.W.2d 703 (1982); *State v. Fearing,* 2000 WI App 229, ¶ 20–21, 239 Wis. 2d 105, 619 N.W.2d 115.

[28] *See Horn,* 226 Wis. 2d at 651–2 ("[B]y vesting the administration of probation, including probation revocation, in the executive branch, the legislature has not withdrawn the judiciary's power . . . .").

to petition courts to reduce the length of probation are reasonable regulations of probation that do not conflict with a circuit court's inherent authority to reduce the length of probation in exercising its discretion regarding probation.

¶ 86. On the basis of the constitution, statutes, and precedent, I would recognize the existence of a circuit court's authority to reduce the length of probation.

## III

¶ 87. A crucial question remains about the inherent authority of circuit courts to reduce the length of probation: "What limitation should be placed upon such power in the interest of promoting justice in the administration of criminal law[?]"[29] A circuit court's inherent authority is a discretionary power that must be exercised within defined parameters.[30]

Cf. *State v. Stenklyft*, 2005 WI 71, ¶¶ 97–105, 281 Wis. 2d 484, 697 N.W.2d 769 (Abrahamson, C.J., concurring in part and dissenting in part in an opinion that, along with an opinion by Crooks, J., represents the majority of the court) (holding that although sentencing is an area of shared constitutional powers, it violates separation of powers for the legislature to remove a circuit court's inherent authority to modify a sentence by granting the power to decide when to modify a sentence to an executive actor).

[29] *Hayes v. State*, 46 Wis. 2d 93, 101, 175 N.W.2d 625 (1970) (relating to a circuit court's inherent authority to modify a sentence). *Hayes* was overruled in part by *State v. Taylor*, 60 Wis. 2d 506, 210 N.W.2d 873 (1973), regarding an issue not relevant to a circuit court's inherent authority to modify sentences.

[30] *Crochiere*, 273 Wis. 2d 57, ¶ 12 (relating to modifying sentences).

¶ 88. The parties dispute the scope of a circuit court's authority to reduce the length of probation.

¶ 89. The State urges that the circuit court's inherent authority should be exercised in the same narrow circumstances in which a circuit court may modify a sentence: (1) to correct formal or clerical errors or an illegal or void term of probation; (2) if a "new factor" is presented;[31] or (3) if the probation is unduly harsh or unconscionable.[32]

¶ 90. The defendant argues that circuit courts may exercise their inherent authority to reduce the length of probation "for cause." "For cause" is the standard set forth in Wis. Stat. § 973.09(3)(a), governing when a court "may extend probation . . . or modify the terms and conditions" of probation.

¶ 91. The court of appeals held that *if* circuit courts possessed this inherent authority, its exercise should be governed by the standards applied to modification of sentences.[33] The court of appeals determined that the "preference for finality logically applies to sentencing in the general sense, including its probationary component."[34]

¶ 92. I conclude that a circuit court has inherent authority to reduce the length of probation "for cause." A circuit court should apply the same standard for deciding a motion to reduce the length of probation as it applies to a motion to modify the terms and conditions

---

[31] *See id.,* ¶¶ 13–25 (discussing what constitutes a "new factor" for purposes of sentence modification).

[32] *See id.,* ¶ 12.

[33] *State v. Dowdy,* 2010 WI App 158, ¶ 31, 330 Wis. 2d 444, 792 N.W.2d 230. The court of appeals concluded that none of those narrow standards were met by the defendant in the present case. *Dowdy,* 330 Wis. 2d 444, ¶¶ 34–36.

[34] *Id.,* ¶ 32.

of probation.[35] In other words, a circuit court may exercise its inherent authority to reduce the length of probation when doing so advances the dual purposes of probation: "to rehabilitate the defendant and to protect society without placing the defendant in prison."[36]

¶ 93. The court of appeals' adoption of the "modification of sentence" standard is erroneous for several reasons.

¶ 94. As a result of the court of appeals' decision, which applies a different standard to a motion to modify the terms and conditions of probation motion than is applied to a motion to reduce the length of probation, a circuit court may remove every term and condition of probation but be unable to reduce the length of probation. Thus, the probationer will be on probation in name only because the duration of probation is not technically over. This is an absurd result.

¶ 95. In addition to avoiding this absurd result, the "for cause" standard is appropriate because it does not equate probation with sentencing, as the court of appeals did.

¶ 96. I recognize that probation is closely related to sentencing; it is one possible disposition upon conviction. Nonetheless, probation is not generally considered a sentence.[37] Probation is a legal term with a

---

[35] Wis. Stat. § 973.09(3)(a).

[36] *See Edwards v. State,* 74 Wis. 2d 79, 83, 246 N.W.2d 109 (1976)(probation "is granted with the goals of rehabilitation and protection of society in mind."). *See also Gray,* 225 Wis. 2d at 68; *Sepulveda,* 119 Wis. 2d at 554; *State v. Hays,* 173 Wis. 2d 439, 445, 496 N.W.2d 645 (Ct. App. 1992).

[37] *Horn,* 226 Wis. 2d at 647 (citing *Prue v. State,* 63 Wis. 2d 109, 114, 216 N.W.2d 43 (1974)); *Hays,* 173 Wis. 2d at 444; *State v. Meddaugh,* 148 Wis. 2d 204, 211, 435 N.W.2d 269 (Ct. App. 1988). *See also Fearing,* 239 Wis. 2d 105, ¶ 6.

meaning different from sentencing;[38] probation is an alternative to sentencing.[39]

¶ 97.   Crucially, probation has different purposes than sentencing. It is commonly understood that there are four main purposes of sentencing: (1) deterrence; (2) rehabilitation; (3) retribution; and (4) segregation.[40] Probation, on the other hand, has two primary purposes: (1) rehabilitation; and (2) protecting society without imprisoning the defendant.

¶ 98.   The narrow constraints on circuit courts' inherent authority to modify sentences are motivated by the importance of finality in sentencing.[41] Finality is crucial to achieve effective deterrence and to send a clear retributive message.

¶ 99.   Without a strong emphasis on finality in sentencing, defendants and potential offenders would come to believe that sentences are freely modifiable and that offenders need not serve their full sentences. For this reason, the deterrent effect of criminal sentences would be reduced.

¶ 100.   Retribution would be similarly undermined. From a retributive perspective, sentencing courts attempt to give defendants their "just deserts" based on the severity of the offense and the harm to society. Retribution is a backward-looking exercise—examining the harm done and determining what sen-

---

[38] *Prue v. State,* 63 Wis. 2d 109, 116, 216 N.W.2d 43 (1974).

[39] *State v. Horn,* 226 Wis. 2d 637, 647, 594 N.W.2d 772 (1999) (citing *Garski v. State,* 75 Wis. 2d 62, 69, 248 N.W.2d 425 (1977)). *See also State v. Gereaux,* 114 Wis. 2d 110, 113, 338 N.W.2d 118 (Ct. App. 1983).

[40] *See State v. Szulczewski,* 216 Wis. 2d 495, 504, 574 N.W.2d 660 (1998).

[41] *See Crochiere,* 273 Wis. 2d 57, ¶ 12.

tence is required for the defendant to repay a debt to society. Future developments should not change this backward-looking analysis. If there were less finality in sentencing, the message that the sentence chosen coincides with the debt a defendant owes to society would be undermined.[42]

¶ 101.   Thus, finality is crucial to ensure that two main purposes of sentencing—deterrence and retribution—are fulfilled.

¶ 102.   As noted above, probation, in contrast, has two primary purposes: (1) rehabilitation, and (2) protecting society without imprisoning the defendant. Finality is not necessary to achieve either purpose.

¶ 103.   Rehabilitation is forward-looking. Some defendants may progress more quickly than others. Predicting how long it will take before probation is no longer necessary for an individual defendant is difficult. Requiring continuing probation for a defendant who no longer needs probation is misguided; it is not necessary for public safety and is wasteful of the state's limited resources. Continued probation is not justified by an interest in finality. "For cause" in this context allows a court to consider the progress and rehabilitation of the probationer.

¶ 104.   Accordingly, the limits on sentence modification should not be transplanted onto a circuit court's inherent authority to reduce the length of probation. Rather, circuit courts should be able to reduce the length of probation under the same standard as they can modify the terms and conditions or extend the length of probation—that is, when doing so is necessary to achieve probation's dual goals.

---

[42] *See Crochiere,* 273 Wis. 2d 57, ¶ 23 ("Crochiere's early release would undercut the seriousness of the offense . . . .").

¶ 105. To be effective, probation must be flexible.[43] A circuit court must be cognizant of changing circumstances and the changing needs of the individual probationer to determine when modification of the terms and conditions and the length of probation is warranted to achieve probation's dual goals.[44]

¶ 106. Even in the sentencing realm, where finality is of great value, this court has noted that "[i]t is more important to be able to settle a matter right with a little uncertainty than to settle it wrong irrevocably."[45] In the context of probation, where flexibility rather than finality seems crucial, courts should be amenable to reductions in the length of probation, rather than setting the length of probation wrong irrevocably.

## IV

¶ 107. Finally, because this court has not decided whether circuit courts possess the inherent authority to reduce the length of probation and a probationer is not limited to bringing only one motion to reduce the length of probation, the defendant is free to petition the circuit court again to reduce the length of his probation and

---

[43] *Prue,* 63 Wis. 2d at 114 ("The trial court should have leeway if probation is to be an effective tool of rehabilitation.").

[44] Under *Crochiere,* successful rehabilitation explicitly does not constitute a "new factor" warranting sentence modification. *See Crochiere,* 273 Wis. 2d 57, ¶¶ 17–23. In the probation context, it would seem that complete, successful rehabilitation should warrant a reduction of the length of probation or discharge from probation, particularly when there is a risk that the conditions of continuing probation could undermine the probationer's progress.

[45] *Hayes v. State,* 46 Wis. 2d 93, 105, 175 N.W.2d 625 (1970).

argue that it has inherent, but not statutory, authority to do so.

¶ 108. For the reasons set forth, I dissent. The defendant did not forfeit the right to have this court decide the inherent authority issue. I conclude that a circuit court has inherent authority to reduce the length of probation "for cause," that is, a circuit court may exercise its inherent authority to reduce the length of probation when doing so advances the dual purposes of probation: "to rehabilitate the defendant and to protect society without placing the defendant in prison."

¶ 109. ANN WALSH BRADLEY, J. (*dissenting*). I agree with the majority's conclusion that Wis. Stat. § 973.09(3)(a) does not provide statutory authority for a circuit court to reduce the length of probation. I write separately, however, to address the issue of inherent authority because I conclude that Dowdy did not forfeit his right to have this court address that issue.

¶ 110. No party disputed that a circuit court has the inherent authority to reduce the length of probation. The issue is not whether the court has such authority. It does. Rather, the issue is what are the parameters of that authority.

¶ 111. A circuit court must exercise its inherent authority within "defined parameters." *State v. Crochiere,* 2004 WI 78, ¶ 12, 273 Wis. 2d 57, 681 N.W.2d 524. Although the parties agree that the court has inherent authority, they disagree about the proper standard for the circuit court's inherent authority to reduce the length of probation. Dowdy advocates for the "cause" standard. By contrast, the State asserts that the circuit court's inherent authority to reduce the length of probation should be limited in the same way that a

circuit court's inherent authority to reduce a sentence is limited—in this case, based on the presence of a "new factor."[1] Upon close examination, both of these standards are problematic.

¶ 112.  I am not persuaded that Dowdy's proposed standard, "cause," sufficiently circumscribes the court's exercise of inherent authority. Rather, the "cause" standard begs the question. If a circuit court can reduce the length of probation for cause, what constitutes cause to reduce the length of probation?

¶ 113.  According to the court of appeals, "the law places no limitation on what the trial court may consider as cause" when extending probation under Wis. Stat. § 973.09(3)(a). *State v. Edwards,* 2003 WI App 221, ¶ 14, 267 Wis. 2d 491, 671 N.W.2d 371. I fear that such an amorphous standard would provide insufficient guidance to circuit courts.

¶ 114.  Likewise, I am not persuaded that the State's "new factor" standard, which is transposed wholesale from the standards for sentence modification, is workable in the context of probation modification. The purposes of sentencing and probation are distinct, and the distinction makes a difference.

¶ 115.  There are several purposes of imposing a criminal sentence, only one of which is the defendant's rehabilitation. *See* C.J. Abrahamson's dissent, ¶ 97. By contrast, the dual purposes of imposing probation are "to protect the public from criminal conduct and to help

---

[1] In addition to its inherent authority to modify a sentence when a "new factor" is presented, a circuit court may exercise its inherent authority to modify a sentence to correct formal or clerical errors, to correct an illegal or void sentence, or to modify an unduly harsh or unconscionable sentence. *State v. Crochiere,* 2004 WI 78, ¶ 12, 273 Wis. 2d 57, 681 N.W.2d 524.

the probationer become a useful member of society." *Wagner v. State,* 89 Wis. 2d 70, 77, 277 N.W.2d 849 (1979). Both purposes of probation have been served when a probationer has been rehabilitated. When a probationer becomes a useful member of society, he or she has been rehabilitated, and the public is protected from criminal conduct.

¶ 116.   Because rehabilitation is so essential to the court's purpose for imposing probation in the first instance, a circuit court should be able to consider whether a defendant has been rehabilitated when deciding a motion to reduce the length of probation. Accordingly, we have stated that "[p]robation modification provides the circuit court with a means of rewarding post-sentencing rehabilitation . . . ." *State v. Kluck,* 210 Wis. 2d 1, 9, 563 N.W.2d 468 (1997).

¶ 117.   However, our case law makes clear that, for purposes of sentence modification, a defendant's post-sentencing rehabilitation cannot be considered a new factor. *Id.* at 7–8. Thus, if we were to accept the State's proposed standard and adopt the sentence modification parameters wholesale, we would significantly undermine the circuit court's inherent authority by preventing the circuit court from considering rehabilitation, the underlying purpose of probation.

¶ 118.   Accordingly, I conclude that neither of the standards offered by the parties is suited to define the parameters of the circuit court's exercise of inherent authority. One standard is too broad, providing virtually no definition to guide the court, and the other is too narrow, appearing to render the court's inherent authority illusory. The parties' proposed standards provide no middle ground.

¶ 119.   I conclude that a third alternative is necessary. This is an important issue that affects the lives

of a multitude of people and the administration of justice. This court should craft a standard that is sufficiently defined to provide parameters for the circuit court's inherent authority, but that would allow the circuit court to take into account the defendant's rehabilitative progress in some fashion when determining whether probation reduction is warranted.

¶ 120.   For the reasons fully set forth by the Chief Justice, I conclude that Dowdy did not forfeit the inherent authority issue. *See* C.J. Abrahamson's dissent, ¶¶ 52–71. Because I think it would be unwise for this court to craft, sua sponte, a new standard without further input from the parties, I would request supplemental briefing about the proper standard for the circuit court's exercise of inherent authority. Accordingly, I respectfully dissent.