ANN WALSH BRADLEY, J.
¶ 52. (dissenting). Although I join the dissent, I write separately to voice my concern with this court's recent trend in sua sponte expanding the issues before it.
¶ 53. In this case a majority of the court voted to issue a post oral argument order raising an issue heretofore non-existent. It asked:
(1) whether the potential proceeds from a legal malpractice claim can be lawfully assigned as security for a contemporaneously incurred debt;
(2) if the potential proceeds from a legal malpractice claim are assignable, whether such assignment was future property at the time of the supplemental exam conducted in this case.
*253 Attorney's Title Guar. Fund, Inc. v. Town Bank, No. 2011AP2774, unpublished order (Nov. 19, 2013).
¶ 54. Issues relating to the assignability of legal malpractice claims were never raised by the parties in this court, or in the court of appeals, or in the circuit court. An exchange at oral argument nails this point:
Chief Justice Abrahamson: And there's no, is there an issue in this case as to whether your assignment was any good?
Attorney for Heartland: No, our assignment has never been contested.
¶ 55. Rather than presenting an even playing field, the majority appeared to offer an assist to Heartland's opposing counsel. The answer to the new issue raised by the majority could have proven to be outcome determinative, obviating the need to address the issues actually raised and litigated by the parties.
¶ 56. By raising sua sponte a brand new outcome-determinative issue, an appellate court tends to blur the lines between the role of the lawyer as advocate and the role of the judge as impartial decision maker. In contrast to the other branches of government, the judicial branch's role seems better fitted to respond to issues presented rather than creating issues to present.
¶ 57. As I have previously written:
[T]he courts play a passive role in our system of government. Unlike the legislative or the executive branch of government which have as their regular fare the responsibility to raise and resolve the issues of the day, our role is to respond to the issues presented.. . . The wisdom of such restraint is apparent.
The rule of law is generally best developed when issues are raised by the parties and then tested by the fire of *254 adversarial briefs and oral arguments. Indeed, "[t]he fundamental premise of the adversary process is that these advocates will uncover and present more useful information and arguments to the decision maker than would be developed by a judicial officer acting on his own in an inquisitorial system." Adam A. Milani & Michael R. Smith, Playing God: A Critical Look at Sua Sponte Decisions By Appellate Courts, 69 Tenn. L. Rev. 245, 247 (2002), citing United States v. Burke, 504 U.S. 229 (1992) (Scalia, J., concurring).
City of Janesville v. CC Midwest, Inc., 2007 WI 93, ¶¶ 67-68, 302 Wis. 2d 599, 734 N.W.2d 428 (Bradley, J., dissenting).
¶ 58. Although the issue addressing the validity of the assignment of legal malpractice claims relates to the issues presented by the parties, it was not necessary for the court to address the validity of the assignment in order to answer the questions presented.
¶ 59. Heartland filed a petition for review, asking this court to address the following questions:
1) Does a judgment creditor's common law receiver's lien attach to personal property acquired by a judgment debtor indefinitely into the future after the judgment creditor has conducted supplementary proceedings?
2) Where a judgment creditor has admittedly failed to make a supplemental commissioner's order, directing the judgment debtor to appear at a supplementary examination, a matter of public record by filing this order and proof of service in the court file, as is required by Wis. Stat. § 816.035(1), should a court nevertheless enforce the judgment creditor's secret receiver's lien in the judgment debtor's personal property?
¶ 60. I would have addressed those questions and those alone. Indeed, it is not apparent to me why the *255 issue raised sua sponte by the majority was not subject to our usual approach of forfeiture. Here it was not a matter of merely failing to preserve for appellate review an issue that was previously raised. Rather, the issue never previously existed in this case.
¶ 61. Typically, where a party has not raised an issue before the circuit court or the court of appeals, we deem that issue forfeited. See, e.g., Bostco LLC v. Milwaukee Metro. Sewerage Dist., 2013 WI 78, ¶ 83, 350 Wis. 2d 554, 835 N.W.2d 160 (declining to address an inverse condemnation/takings claim where its proponent "is attempting to make a fundamentally different argument than that which it raised and tried before the circuit court. . . ."); State v. Dowdy, 2012 WI 12, ¶ 5, 338 Wis. 2d 565, 808 N.W.2d 691 (declining to decide "whether a circuit court has inherent authority to reduce the length of probation, and if so, what standard applies [because] [n]either Dowdy's petition to the circuit court nor the circuit court's order was grounded in the court's alleged inherent authority."); Schill v. Wis. Rapids Sch. Dist., 2010 WI 86, ¶ 45, 327 Wis. 2d 572, 786 N.W.2d 177 ("Because the issue of the circuit court's competence was never raised in the circuit court, we treat the issue as having been forfeited.").
¶ 62. This court has emphasized that the forfeiture rule "is essential to the efficient and fair conduct of our adversary system of justice." State v. Huebner, 2000 WI 59, ¶ 12, 235 Wis. 2d 486, 611 N.W.2d 727. The rule:
gives the parties and the circuit court notice of the issue and a fair opportunity to address it; encourages attorneys to diligently prepare for and conduct trials; and prevents attorneys from "sandbagging" opposing coun *256 sel by failing to object to an error for strategic reasons and later claiming that the error is grounds for reversal.
Schill, 327 Wis. 2d 572, ¶ 45 n.21. It further "encourages litigation of all issues at one time, simplifies the appellate task, and discourages a flood of appeals." State v. Caban, 210 Wis. 2d 597, 605, 563 N.W.2d 501 (1997).
¶ 63. With its order for additional briefing on the assignability of legal malpractice claims, the court offered Town Bank a new bite at the apple. It suggested a new, possibly outcome-determinative argument which Town Bank had previously not made. This action is a departure from precedent suggesting that the development of arguments be left to the litigants. See, e.g., Jankee v. Clark Cnty., 2000 WI 64, ¶ 7, 235 Wis. 2d 700, 612 N.W.2d 297 ("If an issue is not raised in the petition for review or in a cross petition, 'the issue is not before us.'"); Gardner v. Gardner, 190 Wis. 2d 216, 238 n.3, 527 N.W.2d 701 (Ct. App. 1994) ("We will not independently develop [appellant]'s argument and, therefore, we will not consider this issue"); Estate of Balkus v. Sec. First Nat'l Bank, 128 Wis. 2d 246, 255 n.5, 381 N.W.2d 593 (Ct. App. 1985) (declining to address issue not developed by the appellant).
¶ 64. Now, after ordering additional briefing and having a second round of oral arguments on these new issues, the majority comes to the conclusion that the parties' initial decision not to contest this issue was correct. In the end, the majority's efforts to sua sponte develop its own potentially dispositive issue was for naught.
*257 ¶ 65. This unnecessary excursion underscores the wisdom of exercising judicial restraint. The role of the lawyer as advocate and the role of the judge as impartial decision maker should be kept separate.
¶ 66. Accordingly, I respectfully dissent.
¶ 67. I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON joins this dissent.