STATE of Wisconsin, Plaintiff-Appellant,

v.

Larry R. DOWE, Defendant-Respondent.

Supreme Court

*No. 83–2114–CR. Submitted on briefs July 25, 1984.—
Filed August 16, 1984.*

(Also reported in 352 N.W.2d 660.)

For the plaintiff-appellant the cause was submitted on the briefs of *David J. Becker,* assistant attorney general, with whom on the briefs was *Bronson C. La Follette,* attorney general.

For the defendant-respondent the cause was submitted on the brief of *Glenn L. Cushing,* assistant state public defender.

PER CURIAM. The court of appeals certified this appeal which questions whether the opinion of the major-

ity of a multi-member court controls on a point of law where it is given in a concurring rather than lead opinion. Because the circuit court erroneously ruled that it does not, we reverse the order dismissing this case and remand for further proceedings.

Defendant was charged with delivery of a controlled substance in violation of sec. 161.41(1)(b), Stats. He moved the circuit court under sec. 905.10, Stats., for an order requiring the state to disclose the identity of a confidential informant present at the time of the alleged offense. The court conducted an in-camera hearing after which it concluded the informant could provide information relevant to guilt or innocence. However, this information would, in fact, be harmful to the potential defenses of entrapment and misidentification. Yet when the state refused to disclose the identity of the informer, the court dismissed the case.

Its decision was based upon *State v. Outlaw*, 108 Wis. 2d 112, 321 N.W.2d 145 (1982) which concerned the obligation of the state when a defendant seeks the identity of a confidential informer. The lead opinion by three justices discussed the state's burden at the in-camera hearing and agreed with the court of appeals that the circuit court abused its discretion in not requiring disclosure. Thus affirmance of the court of appeals' reversal of conviction was in order. Two concurring opinions, each joined in by the remaining four justices, agreed up to this point. But the lead opinion went further and spoke of the test to be applied by the circuit court after the in-camera proceedings:

"We conclude that the proper test is whether the testimony the informer would have given was relevant and admissible in respect to an issue material to the accused's defense and, hence, was reasonably necessary to a fair determination of guilt or innocence. When that determination is made, the role of the in-camera judge is at an end. *It is not up to the trial judge, under the procedures of sec. 905.10(3)(b), Stats., to determine whether the testimony will in fact be helpful.*" (Emphasis added.) *Id.* at 132, 321 N.W.2d at 156.

The concurrence written by Justice Callow, joined by Justices Day, Steinmetz and Ceci, disagreed:

"I specifically reject that language in the majority opinion stating the proper test for disclosure of an informer's identity to be whether the informer's testimony was relevant and admissible to a material issue. *I conclude that an essential condition precedent to disclosure is that the informer's testimony be necessary to the defense.*" (Emphasis added.) *Id.* at 141, 321 N.W.2d at 160.

The circuit court in the instant matter was uncertain of the impact of the *Outlaw* concurrences. It ultimately ruled that notwithstanding the concurrences and the fact that the informant's information was not helpful to the defense, the statement in the lead opinion regarding the test to be applied was the law in this state and required disclosure.

It is a general principle of appellate practice that a majority must have agreed on a particular point for it to be considered the opinion of the court. *See, e.g., Grantham Transfer Co. v. Hawes,* 225 Ga. 436, 169 S.E.2d 290 (1969) ; *Primus v. Clark,* 58 N.M. 588, 273 P.2d 963 (1954) ; 21 C.J.S. *Courts* sec. 184 (1940). Numerous cases have expressly held that a concurring opinion becomes the opinion of the court when joined in by a majority. *See, e.g., City of Birmingham v. Brasher,* 359 So. 2d 1153 (Ala. 1978) ; *City of Detroit v. Public Utilities Comm'n,* 288 Mich. 267, 286 N.W. 368 (1939) ; C.J.S., *supra,* at sec. 189. This court so held in *Howes v. Deere & Co.,* 71 Wis. 2d 268, 274, 238 N.W.2d 76, 80 (1976) when it recognized that a concurrence in a prior case represented the decision of a majority and was therefore the opinion of the court.

In *Outlaw,* the lead opinion represents the majority and is controlling on the issues of the state's burden and the existence of abuse of discretion by that circuit court.

However, the concurring opinions represent the majority on the issue of the test to be applied and therefore control on this point.

Accordingly, it is ordered that the circuit court's dismissal of the complaint is reversed and this matter is remanded to that court for further proceedings.