STATE of Wisconsin, Plaintiff-Respondent,†

v.

Jessica A. NELLESSEN, Defendant-Appellant.

Court of Appeals

*No. 2012AP150–CR. Submitted on briefs December 26, 2012.
—Decided March 28, 2013.*

2013 WI App 46

(Also reported in 830 N.W.2d 266.)

† Petition for Review Filed.

On behalf of the defendant-appellant, the cause was submitted on the briefs of *Michael D. Zell* of *Metcalf & Quinn, S.C.,* Wisconsin Rapids.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Thomas J. Balistreri,* assistant attorney general, and *J.B. Van Hollen,* attorney general.

Before Higginbotham, Sherman and Blanchard, JJ.

¶ 1. SHERMAN, J. Jessica Nellessen appeals a nonfinal order denying her motion to disclose the

identity of a confidential informant. Nellessen claims that the circuit court erred by refusing to conduct an in camera review pursuant to Wis. Stat. § 905.10(3)(b) (2011–12)[1] to determine whether the informant "may be able" to give testimony necessary to a fair determination of her guilt or innocence. The circuit court held that the motion, with the affidavits and testimony offered in support, did not set forth sufficient information to require an in camera review and denied the motion. We reverse.

## BACKGROUND

¶ 2.    On June 28, 2011, Jason Punke, a police officer for the City of Marshfield, stopped a vehicle driven by Nellessen. Nellessen had four passengers at the time. Officer Punke testified at the preliminary hearing and at a later suppression hearing that he stopped the vehicle because of an obstructed view violation. Officer Punke testified that while checking the passengers for identification, he smelled a raw odor of marijuana, or THC. He then searched the passenger compartment of the car and found a prescription bottle containing a small amount of marijuana, approximately 0.4 grams or 0.014 ounces. Another Marshfield police officer, James Cramm, testified that in a subsequent search, a larger amount of marijuana, approximately 14 ounces, was found hidden inside a computer located in the trunk.

¶ 3.    Nellessen was charged with one count of possession with intent to deliver THC. Nellessen filed a motion to suppress any evidence obtained as a result of the search of her vehicle on the basis that her vehicle

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

was stopped without reasonable suspicion and that her vehicle was searched without a warrant or probable cause.

¶ 4.   At the hearing on Nellessen's motion, Officer Cramm testified that prior to the stop of Nellessen's vehicle, he had received "a tip from another detective that this car would be coming through Marshfield and that it contained approximately a pound of marijuana," information that the detective "had received [] from a confidential informant." Officer Cramm further testified that Officer Punke was aware of the confidential tip and that the tip was part of the reason that Officer Punke had stopped Nellessen's vehicle. Officer Cramm testified: "My instructions to Punke were to find a violation to stop the vehicle."

¶ 5.   Following the hearing on her motion to suppress, Nellessen filed a motion to compel disclosure of the identity of the confidential informant pursuant to Wis. Stat. § 905.10(3)(b). Nellessen "adamantly denied any knowledge of the large quantity of controlled substances in her vehicle" and thus "whether [she] was aware of the large quantity of marijuana in her vehicle" would "be the critical issue at trial." Nellessen further alleged that she needed to know the identity of the informant because "[i]f the informant knew the direction of travel [of Nellessen's vehicle] and the existence of controlled substances in the vehicle," it was a "reasonable [inference] that the informant [might] also know whether [Nellessen] was aware that the marijuana [was] in the vehicle."

¶ 6.   The circuit court denied Nellessen's motion to compel disclosure of the confidential informant's identity following a hearing on the motion at which no further testimony was taken. Instead, the parties offered argument upon the evidence previously given at

540

the preliminary hearing and the hearing on Nellessen's motion to suppress. The court determined that Nellessen had not sufficiently shown how disclosure of the informant's identity "pertain[ed] particularly to the facts of [her] guilt or innocence." "I just don't think that there is enough information set forth in this why this informant should be subject to an in camera inspection either by affidavit or testimony that is any different than any other informant situation." We granted Nellessen's request for discretionary appeal.

## DISCUSSION

■

¶ 7.   Nellessen contends that the circuit court erred in refusing to conduct an in camera review to determine whether there is reason to believe that the confidential informant may be able to provide testimony "necessary to a fair determination of [Nellessen's] guilt or innocence," pursuant to WIS. STAT. § 905.10(3)(b). Whether an in camera review is required under a particular set of facts involves the application of those facts to a legal standard. Application of facts to a legal standard is a question of law which we review de novo. *State v. Trochinski*, 2002 WI 56, ¶ 16, 253 Wis. 2d 38, 644 N.W.2d 891.

■

¶ 8.   The interpretation of a statute, here WIS. STAT. § 905.10, is a question of law that we review de novo. *State v. Cole*, 2000 WI App 52, ¶ 3, 233 Wis. 2d 577, 608 N.W.2d 432 (statutory construction presents a question of law which is subject to our de novo review).

¶ 9.   WISCONSIN STAT. § 905.10 establishes the circumstances under which the identity of a confidential informant may be disclosed. Under § 905.10(1), the

541

State is "privileged to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of law to a law enforcement officer... conducting an investigation." Section 905.10(1). An exception to the general privilege is provided in § 905.10(3)(b).

¶ 10. WISCONSIN STAT. § 905.10(3)(b)[2] creates a two-step procedure for the circuit court to determine whether this exception to the privilege applies. First, the court must determine whether there is reason to believe that the informant may be able to give testimony "necessary to a fair determination of the issue of guilt or innocence." Section 905.10(3)(b). If there is reason to so believe, then the court must determine, ordinarily after an in camera examination of either affidavits or the informant, whether "there is a reasonable probability that the informer can give the testimony." *Id.*; *see also State v. Outlaw*, 108 Wis. 2d 112, 124–26, 321 N.W.2d 145 (1982).

■

¶ 11.   The purpose of the two-step procedure is to "avoid a 'judicial guessing game.' " *Outlaw*, 108 Wis. 2d at 124 (quoted source omitted). To facilitate proper judicial decisionmaking, WIS. STAT. § 905.10(3)(b) mandates an in camera review whenever the facts suggest a *possibility* that an informer has material evidence nec-

---

[2] WISCONSIN STAT. § 905.10(3)(b) provides in relevant part:

> If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case... and the... [S]tate... invokes the privilege, the judge shall give the... [S]tate... an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony.

essary to a fair trial, so that the judge can properly exercise discretion in reaching the ultimate decision.

¶ 12. The supreme court in *Outlaw* set a low threshold for obtaining an in camera review: "The showing need only be one of a *possibility* that the informer could supply testimony necessary to a fair determination." *Outlaw*, 108 Wis. 2d at 126 (emphasis added). As the court stated, referring to the trigger for obtaining in camera review, "[t]his portion of the rule does not place a significant burden upon the party seeking disclosure." *Id.* at 125.

■

¶ 13. As we indicated above, Nellessen argues that the circuit court erred by failing to conduct an in camera review of evidence given by the confidential informant to determine whether the informer could provide testimony that would be necessary to a fair determination of Nellessen's guilt or innocence. She argues that so long as there is a "mere 'possibility' that the informant will have information relevant and nec-essary to the defendant's guilt or innocence," the court must hold an in camera review. Because the court in this case ruled that the information before it was not sufficient to trigger an in camera review, we are con-cerned here only with the first step in the analytical framework set forth in Wis. Stat. § 905.10(3)(b).[3]

---

[3] It appears that the State confuses the distinction between the first and second steps of the analysis, and bases its entire presentation on cases (and concurrences) that bear only on the second step in the analysis. The only guidance available on the meaning and application of the first step in Wis. Stat. § 905.10(3)(b) is the following language from *Outlaw*:

> Rule 905.10(3)(b), *Testimony on merits,* pertinent to this case, is concerned with *the possibility* that an informer has material evidence necessary to a fair trial. It, too, like 905.10(3)(c), provides

¶ 14.   The issue in dispute is whether Nellessen was aware that the marijuana was in her trunk. The question before the circuit court was therefore whether the informant might have information that bears upon

for an *in camera* proceeding to avoid a "judicial guessing game." *United States v. Day,* 384 F.2d 464, 470 (3rd Cir. 1967); *see,* also, *United States v. Skeens,* 449 F.2d 1066 (D.C. Cir. 1971, Bazelon dissenting), as to when an *in camera* showing might be necessary to ascertain whether or not the informer participated or merely overheard a conversation about a crime.

The procedure for an *in camera* hearing is triggered by:

" . . . evidence in the case or from other showing by a party that an informer *may* be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case." (Emphasis supplied.) Sec. 905.10(3)(b).

*This portion of the rule does not place a significant burden upon the party seeking disclosure.* There need only be a "showing . . . that an informer may be able to give testimony necessary" to a fair trial. In the instant case, the factual issues are alibi and identity . . . .

*The informer was, it is to be assumed, the eyes and ears of the narcotic agents.* Thus, once it was known that there was an informer present during the transaction, it was appropriate for counsel to assert that the informer's testimony might be necessary for a fair determination of the guilt or innocence of the accused and to ask for disclosure of informer's identity. This is a minimal burden on a defendant. As we understand the position of the attorney general, he recognizes that the burden of showing that "an informer *may* be able to give testimony necessary . . ." (emphasis supplied) to a fair trial *is light indeed.*

*The showing need only be one of a possibility* that the informer could supply testimony necessary to a fair determination. That showing has been made here.

Under the rule, once that showing is made, it behooves the state to either disclose the identity of the informer or avail itself of the opportunity to offer proof of what in actuality the informer can testify about.

*State v. Outlaw,* 108 Wis. 2d 112, 124–26, 321 N.W.2d 145 (1982) (emphasis added).

544

that aspect of the State's case against Nellessen. *Outlaw*, 108 Wis. 2d at 125–26. As in *Outlaw*, "[t]he informer was, it is to be assumed, the eyes and ears of the narcotic agents." *Id.* at 125. Here the informer provided a considerable amount of detail to the police regarding the transportation of the marijuana: the model of the motor vehicle; the route of travel; the approximate amount of marijuana involved; and that the marijuana was located in the trunk. It is reasonable to infer from the information provided by the informer to the police that there is a "possibility" that the informer could supply testimony necessary to a fair determination of whether Nellessen was aware that the marijuana was in the trunk of her vehicle at the time the police stopped her in Marshfield.

¶ 15. The State argues that even if the informer says that Nellessen was not present when the marijuana was placed into the trunk, or that she did not take part in any conversation regarding the conspiracy, that this is not sufficient because Nellessen could have learned of the presence of marijuana in her trunk in some manner of which the informer was unaware. The State further argues that whether Nellessen was present when the marijuana was placed into the trunk or participated in particular conversations about the conspiracy, while relevant, is not sufficient to trigger the in camera review because relevancy is not the issue. Rather, the State claims, the issue is whether the information would be sufficient to establish reasonable doubt.

¶ 16. However, the standard that the State is relying upon is the standard for whether the informant's identity should be revealed after the court determines to conduct an in camera review. *See* Wis. Stat. § 905.10(3)(b); *Outlaw*, 108 Wis. 2d 112. To trig-

ger the review, it is only necessary to show that it is *possible* that the informer knew enough about the transaction to lend credence to Nellessen's claim, not that it be certain, or even probable, that the informer had such information. Here, there are sufficient facts, tied directly to the core issue in the case, to demonstrate that the informer might have information that bears upon that issue and that this is not just a 'fishing expedition.' There still remain sufficient safeguards in the in camera review procedure to assure that the confidential informant will not be compromised unless the information would be sufficient to establish reasonable doubt. *See generally Outlaw*, 108 Wis. 2d 112 (describing in camera review procedure). Thus, based on the undisputed information the informer provided to the police regarding the marijuana and how and when it was being transported establishes a possibility that the informer may have information regarding whether Nellessen was aware of the marijuana in the trunk of her vehicle, we conclude that an in camera review is mandated.

¶ 17.   Nellessen also asserts that the right to disclosure of a confidential informant implicates her due process rights under the Fourteenth Amendment. However, because we have resolved the issue on the basis of statutory interpretation and application of the facts to a legal standard, we need not reach the issue of whether Nellessen's due process rights were violated. *See Turner v. Taylor*, 2003 WI App 256, ¶ 1 n.1, 268 Wis. 2d 628, 673 N.W.2d 716 (when a decision on one issue is dispositive, we will not reach other issues).

## CONCLUSION

¶ 18.   For the reasons stated above, we reverse the order of the circuit court denying Nellessen's motion to

compel disclosure of the confidential informant without an in camera review. As this was an interlocutory appeal, we remand for the continuation of proceedings consistent herewith.

*By the Court.*—Order reversed and cause remanded for further proceedings.