# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2012AP150-CR |
| COMPLETE TITLE: | State of Wisconsin, |
| |            Plaintiff-Respondent-Petitioner, |
| |    v. |
| | Jessica A. Nellessen, |
| |            Defendant-Appellant. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
347 Wis. 2d 537, 830 N.W.2d 266
(Ct. App. 2013 - Published)
PDC No: 2013 WI App 46

| | |
|---|---|
| OPINION FILED: | July 23, 2014 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | January 9, 2014 |
| | |
| SOURCE OF APPEAL: | |
|   COURT: | Circuit |
|   COUNTY: | Wood |
|   JUDGE: | Todd P. Wolf |
| | |
| JUSTICES: | |
|   CONCURRED: | |
|   DISSENTED: | BRADLEY, J., ABRAHAMSON, C.J., dissent. (Opinion filed.) |
|   NOT PARTICIPATING: | |

ATTORNEYS:

For the plaintiff-respondent-petitioner, the cause was argued by *Thomas J. Balistreri*, assistant attorney general, with whom on the briefs was *J.B. Van Hollen*, attorney general.

For the defendant-appellant, there was a brief by *Michael D. Zell* and *Zell Law Office, LLC*, Stevens Point, and oral argument by *Michael D. Zell*.

NOTICE

**This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.**

No. 2012AP150-CR
(L.C. No. 2011CF268)

STATE OF WISCONSIN      :      IN SUPREME COURT

**State of Wisconsin**

      **Plaintiff-Respondent-Petitioner,**

      **v.**

**Jessica A. Nellessen**

      **Defendant-Appellant.**

**FILED**

**JUL 23, 2014**

Diane M. Fremgen
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Reversed and cause remanded.*

¶1 MICHAEL J. GABLEMAN, J. This case is a review of a published decision of the court of appeals[1] reversing an order of the Wood County Circuit Court, the Honorable Todd P. Wolf, presiding. The defendant, Jessica A. Nellessen ("Nellessen"), sought to have the identity of a confidential informer disclosed pursuant to Wis. Stat. § 905.10(3)(b) (2011-12).[2] The circuit court denied Nellessen's motion, and she appealed. The court of

---

[1] State v. Nellessen, 2013 WI App 46, 347 Wis. 2d 537, 830 N.W.2d 266.

[2] All subsequent references to the Wisconsin Statutes are to the 2011-12 version unless otherwise indicated.

appeals reversed, holding that the circuit court improperly denied Nellessen's motion without first conducting an in camera review of the confidential informer's expected testimony.

¶2 The issue presented to us on appeal is whether the circuit court erred by denying Nellessen's motion without conducting an in camera review. While this court has previously articulated the standard by which a circuit court must review the evidence presented during an in camera review under Wis. Stat. § 905.10(3)(b), we have not had occasion to elaborate on what a defendant must show in order to trigger an in camera review. We conclude that the required showing is a reasonable possibility, grounded in the facts and circumstances of the case, that a confidential informer may have information necessary to the defendant's theory of defense. Because we conclude Nellessen failed to meet this burden, we reverse the court of appeals and remand the case to the circuit court for further proceedings.

## I. FACTS AND PROCEDURAL BACKGROUND

¶3 On June 28, 2011, Rico Scott ("Scott") made arrangements to pick up his cousin Richard Green ("Green") in Minneapolis and drive him to Stevens Point. Scott contacted his girlfriend, Miranda Brooks ("Brooks"), regarding the trip and Brooks then asked Nellessen to drive Scott, Brooks, and another individual named William George ("George"), to Minneapolis in order to pick up Green and return to Stevens Point. Nellessen agreed to do so.

2

¶4   Nellessen and her companions—Scott, Brooks, and George—met with Green when they arrived in Minneapolis.  Scott saw Green get into Nellessen's car and produce two small bags of marijuana.  Scott removed a small amount of this marijuana from one of the bags and placed it in a prescription bottle.  Green hid the remaining marijuana in a computer tower in the trunk of Nellessen's car.

¶5   It is unclear whether Nellessen or Brooks were in the car when Green produced the marijuana, or whether they saw the marijuana at all, but Nellessen later admitted that she had smelled the odor of raw marijuana in the car.

¶6   While en route back to Stevens Point, Officer Jason Punke of the Marshfield Police Department pulled Nellessen's car over on the grounds that Nellessen's view was obstructed by several items hanging from the rear view mirror.  Officer Punke testified at the preliminary hearing that he smelled the odor of raw marijuana in the car.  Officer Punke called for backup.  Officer Punke and Detective James Cramm, also from the Marshfield Police Department, conducted a full search of Nellessen's car, during which they discovered the marijuana that Green had previously hidden in the car's trunk.  The search also yielded a digital scale covered with marijuana residue.

¶7 Nellessen, Green, and George were charged with possession of marijuana as parties to a crime pursuant to Wis. Stat. §§ 939.05, 961.41(1m)(h)2.[3]

¶8 After Nellessen's preliminary hearing, her counsel filed a motion to suppress the evidence found during the search of her car. The circuit court held a hearing on Nellessen's motion on November 7, 2011. During the hearing, Detective Cramm testified that he instructed Officer Punke to pull over Nellessen's car based on a tip from a confidential informer. According to Detective Cramm's testimony, a confidential informer contacted the Stevens Point Police Department with information that Nellessen's car had gone to Minneapolis and was returning to Stevens Point by way of Marshfield with a pound of marijuana in the car. Detective Cramm testified that the information regarding the confidential informer had been relayed to him by Detective John Lawrynk of the Stevens Point Police Department at approximately 7 p.m. on the same day Nellessen and her companions travelled to Minneapolis.

¶9 After the preliminary hearing, Nellessen filed a timely motion with the circuit court to compel disclosure of the identity of the confidential informer. Nellessen argued, in pertinent part, that "[i]f the informant knew the direction of travel and the existence of controlled substances in the vehicle, it is reasonable to assume that the informant may also

---

[3] The record suggests that Scott and Brooks were not charged in connection with this incident, but is silent as to why.

4

know whether the defendant was aware that the marijuana was in the vehicle." A hearing on this motion was held December 12, 2011. At the hearing, Nellessen argued that, due to the detailed information provided by the informer to the Stevens Point Police Department regarding Nellessen's route back to Stevens Point, it was reasonable to assume the informer also had information regarding how the marijuana was placed in the car and whether Nellessen was even aware that the marijuana was in the car. Nellessen asserted she did not know about the marijuana in her car and that the informer could potentially have information supporting her defense to the charges against her.

¶10 The circuit court denied Nellessen's motion to compel disclosure of the informer. The circuit court determined that the defense had not made a sufficient showing to warrant an in camera review.[4] The circuit court also expressed concern that, if it granted Nellessen's motion based on the showing she made, the circuit court would need to conduct an in camera review virtually every time a defendant filed a motion under Wis. Stat. § 905.10(3)(b). Consequently, the circuit court concluded that Nellessen had failed to meet her burden and denied her motion to disclose the identity of the informer.

---

[4] Wisconsin Stat. § 905.10(3)(b) provides that, if an in camera review is conducted, "[t]he showing will ordinarily be in the form of affidavits but the judge may direct that testimony be taken if the judge finds that the matter cannot be resolved satisfactorily upon affidavit." It is unclear from Nellessen's motion whether she was requesting an in camera review by affidavit or by testimony.

¶11 Nellessen appealed the circuit court's ruling, and the court of appeals reversed the decision of the circuit court. The court of appeals, in a published decision, reasoned that "[t]he issue in dispute is whether Nellessen was aware that the marijuana was in her trunk.  The question before the circuit court was therefore whether the informant might have information that bears upon that aspect of the State's case against Nellessen."  State v. Nellessen, 2013 WI App 46, ¶14, 347 Wis. 2d 537, 830 N.W.2d 266.  In the court of appeals' view, "whenever the facts suggest a possibility that an informer has material evidence necessary to a fair trial," Wis. Stat. § 905.10(3)(b) "mandates" that the circuit court conduct an in camera review.  Id., ¶11.

¶12 The State petitioned this court for review of the court of appeals' decision, which we granted.

## II.   STANDARD OF REVIEW

¶13 The issue before the court requires us to interpret Wis. Stat. § 905.10, the confidential informer statute.  The interpretation of a statute is a question of law that we review de novo.  State v. Dowdy, 2012 WI 12, ¶25, 338 Wis. 2d 565, 808 N.W.2d 691.

¶14 In addition to the question of statutory interpretation, we must review the circuit court's decision to deny an in camera review.  We review the circuit court's factual findings concerning an in camera review under a clearly erroneous standard.  State v. Green, 2002 WI 68, ¶20, 253 Wis. 2d 356, 646 N.W.2d 298.  However, "[w]hether the defendant

6

submitted a preliminary evidentiary showing sufficient for an in camera review implicates a defendant's constitutional right to a fair trial and raises a question of law that we review de novo." Id.

## III. DISCUSSION

¶15 The issue presented in this case centers on competing interpretations of the confidential informer statute, Wis. Stat. § 905.10. The confidential informer statute recognizes the State's general privilege regarding the protection of the identities of confidential informers. Wis. Stat. § 905.10(1).[5] Wisconsin Stat. § 905.10 codified this privilege for informers, which was first recognized in the seminal United States Supreme Court decision Roviaro v. United States, 353 U.S. 53 (1957). "The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement." Roviaro, 353 U.S. at 59. The privilege is not absolute, however; the State's interest in encouraging citizens to communicate their knowledge of the commission of crimes to law enforcement officials by preserving their anonymity must be balanced against the defendant's right to prepare his or her defense. Id. at 59, 62.

---

[5] Wisconsin Stat. 905.10(1) provides:

> The federal government or a state or subdivision thereof has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of law to a law enforcement officer or member of a legislative committee or its staff conducting an investigation.

¶16 The confidential informer statute provides three exceptions to the privilege.  Wisconsin Stat. § 905.10(3)(b) is the exception at issue in this case.  Under this exception, the confidential informer statute requires a two-step process for disclosing the identity of a confidential informer.  First, the defendant must make an initial showing that the "informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence . . . ."  Wis. Stat. § 905.10(3)(b).  Next, if the defendant satisfies this step and the State continues to invoke the privilege, the circuit court must conduct an in camera review to determine if the informer can in fact provide such testimony.  Id.

¶17 The State argues that a defendant seeking the disclosure of a confidential informer must identify the specific testimony the informer may be able to give and demonstrate that such testimony would create a reasonable doubt as to the defendant's guilt.  In contrast, Nellessen asserts a much lighter showing is required under Wis. Stat. § 905.10(3)(b), and that she is entitled to an in camera review if there is a possibility the informer may have information necessary to a fair determination of the defendant's guilt or innocence.

¶18 In Part A, we examine the showing necessary under Wis. Stat. § 905.10(3)(b) to trigger an in camera review.  In Part B, we consider whether the circuit court erred in denying Nellessen's motion to compel disclosure of the identity of the confidential informer.  We conclude that the circuit court appropriately determined that Nellessen had not met her initial

burden under § 905.10(3)(b) and thus was not entitled to an in camera review.

### A. The Defendant's Initial Showing Under Wis. Stat.
### § 905.10(3)(b) Is A Modest One

¶19 This court has yet to squarely address the issue of what showing is necessary under the confidential informer statute to trigger an in camera review. Previously, when we have been called upon to interpret Wis. Stat. § 905.10(3)(b), our focus has been on the requirements of the in camera review, rather than the showing a defendant must make in order to reach the hearing.[6] See State v. Outlaw, 108 Wis. 2d 112, 321 N.W.2d 145 (1982); State v. Vanmanivong, 2003 WI 41, 261 Wis. 2d 202, 661 N.W.2d 76. However, we have been clear that the initial showing by a defendant "is light indeed," and "does not place a significant burden upon" the defendant. Outlaw, 108 Wis. 2d at 125-26. In Outlaw, we noted that the showing a defendant must make to trigger an in camera review "need only be

---

[6] In State v. Outlaw, we held that the State's burden during the in camera review is to show only what the confidential informer's testimony will be. State v. Outlaw, 108 Wis. 2d 112, 127, 321 N.W.2d 145 (1982). After the in camera review, the circuit court must determine if there is a reasonable probability that the informant can provide testimony "necessary to the defense." Id. at 141 (Callow, J. concurring); Wis. Stat. § 905.10(3)(b). The testimony is necessary to the defense if it could create a reasonable doubt in the minds of the jury. Id. at 140 (Callow, J. concurring). Although Justice Callow's opinion in Outlaw is a concurrence, it represents the majority opinion of the court on the appropriate test to be applied at the in camera review. State v. Dowe, 120 Wis. 2d 192, 195, 352 N.W.2d 660 (1984).

9

one of a possibility that the informer could supply testimony necessary to a fair determination" of the defendant's guilt or innocence. Id. at 126.

¶20 Aside from this cursory statement in Outlaw, however, this court has not elaborated on the defendant's initial burden under § 905.10(3)(b).[7] Thus, to address the question before the court, we turn to the text of the confidential informer statute.

¶21 The relevant language of Wis. Stat. § 905.10(3)(b) provides:

> Testimony on merits. If it appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case or of a material issue on the merits in a civil case to which the federal government or a state or subdivision thereof is a party, and the federal government or a state or subdivision thereof invokes the privilege, the judge shall give the federal government or a state or subdivision thereof an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony.

As we discussed in Outlaw, this evidentiary rule "recognizes the reality that informers are an important aspect of law enforcement and that the anonymity of informers is necessary for their effective use." Outlaw, 108 Wis. 2d at 121. Nevertheless, the State may not use the privilege of informer

---

[7] Certain language in State v. Vanmanivong, 2003 WI 41, 261 Wis. 2d 202, 661 N.W.2d 76, might appear to suggest a different standard for a defendant's initial showing under Wis. Stat. § 905.10(3)(b). However, it is clear from Outlaw, 108 Wis. 2d 112, and the language of the statute that the showing for an in camera review requires only a reasonable possibility that an informer may have evidence necessary to the defense.

10

confidentiality "when the public interest in protecting the flow of information is outweighed by the individual's right to prepare his defense."  Id.  (citations omitted).  In other words, if allowing the informer's identity to remain secret will prevent the defendant from presenting a defense, the privilege must give way.

¶22 The initial showing required under the confidential informer statute is whether it "appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence . . . ."  Wis. Stat. § 905.10(3)(b) (emphasis added).  Outlaw explained that this showing is "a possibility that the informer could supply" such testimony. Outlaw, 108 Wis. 2d at 126.

¶23 If we look at the plain language of the confidential informer statute stated above,[8] it is clear Wis. Stat. § 905.10(3)(b) requires that a motion to compel disclosure of a confidential informer's identity must be grounded in the facts and circumstances of the case.  The phrase "[i]f it appears from

---

[8] The interpretation of a statute begins with the language of the statute.  If the meaning of the statute is plain, the analysis ends.  State ex rel. Kalal v. Circuit Court for Dane County, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.  In order to determine the plain meaning of a statute, we give the statutory language its "common, ordinary, and accepted meaning . . . ."  Id.  Furthermore, statutes are not read in isolation.  Rather, the court must read statutory language "in the context in which it is used . . . ."  Id., ¶46.  This is done to give purpose to the entire statutory scheme and avoid "absurd or unreasonable results."  Id.

11

the evidence in the case or from other showing" implies that the motion must contain more than mere speculation that the informer has information necessary to the defendant's theory of defense. Wis. Stat. § 905.10(3)(b). If a motion grounded in mere speculation were sufficient to warrant an in camera review, a defendant would be able to obtain a hearing in every instance. In other words, the exception would swallow the rule. Endorsing the view taken by Nellessen and the court of appeals creates a significant risk of collapsing the two-step process established by the confidential informer statute. Moreover, requiring the motion to be grounded in the facts and circumstances of the case combats against the possibility for abuse from defendants seeking disclosure "solely as a retaliatory move or in the interests of his peers in order to thwart the informer's effectiveness in the future." Outlaw, 108 Wis. 2d at 141.

¶24 It is true that the nature of a confidential informer makes it impossible to know the specific information that the informer will have, but the statute does not require such a showing. The phrase "may be able to give testimony" confirms that the defendant's initial burden under the statute involves only a possibility the confidential informer may have information necessary to the defense.[9] Wis. Stat. § 905.10(3)(b). However, because the aspect of speculation inherent in the language of § 905.10(3)(b) must be grounded in

---

[9] The word "may" is "[u]sed to indicate a certain measure of likelihood or possibility." The American Heritage Dictionary of the English Language 1086 (5th ed. 2011).

12

the facts and circumstances of the case, it follows that this possibility must be reasonable.

¶25 Based on the foregoing analysis, we reaffirm our statement in Outlaw that the initial burden on a defendant seeking to disclose the identity of a confidential informer is "light indeed." Outlaw, 108 Wis. 2d at 126. Under § 905.10(3)(b), a defendant such as Nellessen need only show that there is a reasonable possibility that a confidential informer may have information necessary to his or her theory of defense. See Outlaw, 108 Wis. 2d at 126-27.

## B. The Circuit Court Did Not Err In Denying An In Camera Review

¶26 We next address the circuit court's decision denying Nellessen's motion to disclose the identity of the confidential informer. Nellessen argued in her motion that her knowledge of the "large quantity" of marijuana placed in her car in Minneapolis is the "critical issue at trial." Nellessen reasoned that if she was unaware the marijuana was in her car, she could not be found guilty of the charges against her; thus, if the informer had such information, it would be necessary to Nellessen's defense. However, Nellessen's motion provides only a single sentence discussing the nature of the testimony the informer may be able to provide:

> The informant may be able to provide further information which will shed light on the defendant's knowledge or lack of knowledge, as the informant must have had information about the transmission of the controlled substances from their original location to the defendant's vehicle.

13

¶27 To support this conclusion, Nellessen relied on the information provided to the police by the confidential informer. In particular, she argues that because the informer knew Nellessen's car would be traveling through Marshfield, the approximate time Nellessen would be traveling through Marshfield, and that there was marijuana in the car, it would be "reasonable to assume that the informant may also know whether [Nellessen] was aware that the marijuana [was] in the vehicle." During the motion hearing, Nellessen's counsel reiterated this argument and also claimed that it was reasonable to assume the informer knew the circumstances in which the marijuana was transferred to Nellessen's car. As a result, it was also reasonable to assume that the informer may be able to provide "more information about whether [Nellessen] was aware of the marijuana in the car."

¶28 In its denial of the motion, the circuit court stated that, according to its reading of Outlaw, Nellessen's argument that the informer might have information that would be helpful to the defense was insufficient; instead, the informer's testimony needed to "pertain[] particularly to the facts of the guilt or innocence" of the defendant. The circuit court expressed skepticism that the informer would have information necessary to Nellessen's theory of defense. Based on the facts and circumstances of the case, the circuit court concluded that it was not reasonable to assume that the informer would have any knowledge regarding Nellessen's state of mind about the marijuana in her car. Thus, the State's interest in protecting

14

the confidentiality of the informer outweighed Nellessen's interest in disclosure.[10]

¶29 The circuit court clearly laid out its understanding of the relevant case law and applied that precedent to the facts of the case. As discussed below, we agree with the circuit court and conclude that Nellessen failed to meet her burden under Wis. Stat. § 905.10(3)(b).

¶30 To receive an in camera review, Wis. Stat. § 905.10(3)(b) provides that a defendant must show an informer "may be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case . . . ." In Outlaw, we discussed what information might qualify as "necessary" under the statute and stated that a defendant must show that the testimony is "necessary to the defense"[11] in order

_____

[10] In discussing the testimony that the informer would be able to provide, the circuit court framed the legal standard in terms of "relevance" to Nellessen's theory of defense. Legal relevance is not the standard for assessing a motion under the confidential informer statute. See Outlaw, 108 Wis. 2d at 141 (Callow, J., concurring) (rejecting the lead opinion's relevancy standard and holding that "an essential condition precedent to disclosure is that the informer's testimony be necessary to the defense"). This distinction, however, does not have an effect on our analysis.

[11] To clarify, at the initial stage of a request for disclosure of an informer's identity, the defendant must show that an informer may be able to provide testimony necessary to the defense. Wis. Stat. § 905.10(3)(b). If the defendant meets this burden, an in camera review must be provided, which can be conducted by affidavits or testimony. Id. Following the hearing, the judge must determine if there is a "reasonable probability" that the informer will have testimony necessary to the defense. Id. If so, the defendant's identity must be disclosed, or the charges related to the testimony must be dismissed. Id.

to receive an in camera review. Outlaw, 108 Wis. 2d at 141 (Callow, J. concurring). We explained in Outlaw that "whether evidence from an informant is necessary [to the defense], may be determined by whether the same information or evidence is available from another source or other sources." Outlaw, 108 Wis. 2d at 142 (Steinmetz, J. concurring). In this case, four other individuals were present along with Nellessen when her vehicle was stopped. Nellessen alleged in her motion for disclosure, "[i]f the informant knew the direction of travel and the existence of controlled substances in the vehicle, it is reasonable to assume that the informant may also know whether [Nellessen] was aware that the marijuana in [sic] her vehicle." However, all the passengers in Nellessen's vehicle knew the direction of travel, and according to statements recited in the State's complaint, at least three of these passengers knew that the marijuana was in her car.

¶31 Nellessen also alleged in her motion that the informer "must have had knowledge about the transmission of the controlled substances from their original location to the defendant's vehicle." The State's complaint explains that Scott, one of the passengers in Nellessen's car, told Detective Cramm that he was present when Green placed the marijuana in Nellessen's car. The complaint does not specifically state whether Scott indicated that Nellessen was also present, but it is clear that Scott could provide information about "the transmission of the controlled substances from their original location to the defendant's vehicle." Accordingly, even if the

16

informer <u>did</u> have information about Nellessen's knowledge of the marijuana, Nellessen has failed to make any showing that the information was not available from other sources. See <u>Outlaw</u>, 108 Wis. 2d at 125-26 (explaining that the burden of the initial showing to receive an in camera review is on the defendant making the request).

¶32 Moreover, Wis. Stat. § 905.10(3)(b) provides that an in camera review should be granted "[i]f it appears <u>from the evidence in the case</u> . . . that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence . . . ." (Emphasis added). This suggests that a circuit court should consider <u>all</u> of the evidence to determine whether to grant an in camera review, not just the contents of the defendant's motion. Here, the circuit court held a hearing on the defendant's motion after a preliminary hearing had already established that: (1) Nellessen admitted that she could smell raw, or unsmoked, marijuana in her vehicle; (2) Officer Punke testified that Nellessen's car smelled of raw marijuana when it was stopped; (3) Nellessen told Detective Cramm that everyone in the car had been smoking marijuana; (4) Nellessen's cell phone indicated she had been involved in marijuana trafficking; (5) Nellessen's trunk contained a digital scale with marijuana residue on it, in addition to two large bags of marijuana. In addition, the State's complaint against Nellessen explained that after her vehicle was stopped, she consented to a search of her cellular telephone. A text message from "Andy T" told Nellessen that he was "craving some weed,"

17

and Nellessen responded, "Oh, I see. Well, I can't help u [sic] now but I'll call u wen [sic] I get back okay."

¶33 Given the strength of the evidence against Nellessen, the circuit court could reasonably conclude that the informer's testimony would not be necessary to the defense because it could not "'have created in the minds of the jurors a reasonable doubt' regarding a defendant's guilt." Outlaw, 108 Wis. 2d at 140 (Callow, J. concurring) (quoting United States v. Eddings, 478 F.2d 67, 72 (6th Cir. 1973)). The circuit court's decision squares with Justice Callow's concurrence in Outlaw.[12] Although the circuit court did not recite the exact language of Outlaw, it correctly applied the decision's analytical framework. Nellessen's entire motion is speculative, and she fails to sufficiently ground her assertions in the facts and circumstances of the case. Wis. Stat. § 905.10(3)(b). Again, we acknowledge that to a certain extent, motions under § 905.10(3)(b) will necessarily be speculative. Nevertheless, we agree with the circuit court that, in this case, Nellessen's motion failed to satisfy the minimal showing required under Wis. Stat. § 905.10(3)(b) to warrant an in camera review.

¶34 Nellessen's motion fails to articulate why or how the informer would have any knowledge of what Nellessen knew or did not know about the marijuana in her car. Instead, as the

---

[12] As noted earlier, though technically a concurring opinion, Justice Callow's concurrence in Outlaw, 108 Wis. 2d 112, represents the majority opinion of the court on the appropriate test to be applied during the in camera review. Dowe, 120 Wis. 2d at 195.

18

circuit court correctly observed, Nellessen's rationale for revealing the identity of the informer would essentially mandate an in camera review for all motions under § 905.10(3)(b). The thrust of Nellessen's motion is that because the informer knew some things about Nellessen's car and her companions' activities, the informer might know other things that would be helpful to the defense. This argument fails to meet the minimal showing necessary to warrant an in camera review. The showing required for an in camera review cannot rest solely on mere speculation as to what additional information the informer might know, without sufficient reference to the facts and circumstances of the case.[13] Such an approach would invite defendants to go on "mere fishing expedition[s]," United States v. Valles, 41 F.3d 355, 358 (7th Cir. 1994), on the basis of speculation and suspicion, which would effectively allow the exception to the confidential informer privilege to nullify the privilege altogether.

¶35 Thus, we conclude that Nellessen's motion does not establish a reasonable possibility that the informer may be able to give testimony necessary to her defense. See Outlaw, 108 Wis. 2d at 141 (Callow, J. concurring). We are satisfied that

---

[13] The dissent argues that we conflate the initial showing required for an in camera review with the "reasonable probability" standard a court must apply after the in camera review has occurred. See, e.g., dissent, ¶¶ 38, 53. The dissent misses our point. A motion to disclose that alleges what an informer "might" know could be sufficient for an in camera review in some cases, but only if the motion was reasonably grounded in the facts and circumstances of the case.

the circuit court appropriately analyzed the requirements in § 905.10(3)(b) and reached a reasonable conclusion.

## IV. CONCLUSION

¶36 In summary, we hold that a defendant seeking to disclose the identity of a confidential informer pursuant to Wis. Stat. § 905.10(3)(b) must show that there is a reasonable possibility that the informer may be able to provide testimony necessary to the defendant's theory of defense. We conclude that the circuit court appropriately determined that Nellessen had not met her initial burden under § 905.10(3)(b) and thus was not entitled to an in camera review. We therefore reverse the decision of the court of appeals and remand the case to the circuit court for further proceedings.

*By the Court.*—The decision of the court of appeals is reversed, and the cause is remanded to the circuit court for further proceedings consistent with this opinion.

¶37 ANN WALSH BRADLEY, J. *(dissenting).* I agree with the majority that the required showing for an in camera review is whether an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence.

¶38 I write separately, however, because I disagree with the majority's application of the test. The majority errs in two significant ways: (1) it appears to up the ante of the necessary showing for those seeking an in camera review and (2) it conflates the showing necessary to get an in camera review with what a court must determine after the review has occurred.

¶39 These errors provide unclear and inaccurate guidance for circuit courts to follow. Further, they permit the majority to deny Nellessen an in camera review when the showing she made was sufficient to require one.

¶40 Contrary to the majority, I focus on the inquiry relevant to determining if an in camera review need be held: whether there is a reasonable possibility that the informer's testimony may be necessary for a fair determination of the issue of guilt or innocence. Because I conclude that Nellessen's motion was sufficient to obtain an in camera review, I respectfully dissent.

I

¶41 At the outset the majority properly sets forth the text of the statute. Citing to State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110, it emphasizes the need to "give the statutory

1

language its 'common, ordinary and accepted meaning.'" Majority op., ¶23 n.8.

¶42 Wisconsin Stat. § 905.10(3)(b) in relevant part provides:

> If it appears from the evidence in the case or from other showing by a party that an informer <u>may</u> be able to give testimony necessary to a fair determination of the issue of guilt or innocence in a criminal case . . . and the . . . state or subdivision thereof invokes the privilege, the judge shall give the . . . state or subdivision thereof an opportunity to show in camera facts relevant to determining whether the informer can, in fact, supply that testimony.

Wis. Stat. § 905.10(3)(b) (emphasis supplied).

¶43 Relying on the seminal case, <u>State v. Outlaw</u>, 108 Wis. 2d 112, 321 N.W.2d 145 (1982), the majority makes multiple comments expressing that the defendant's burden to obtain an in camera review is low. Majority op., ¶19 ("The Defendant's Initial Showing under Wis. Stat. § 905.10(3)(b) Is A Modest One," "we have been clear that the initial showing by a defendant 'is light indeed,' and 'does not place a significant burden upon' the defendant"). The majority observes that "the showing a defendant must make to trigger an in camera review 'need only be one of a <u>possibility</u> that the informer could supply testimony necessary to a fair determination' of the defendant's guilt or innocence." <u>Id.</u> (quoting <u>Outlaw</u>, 108 Wis. 2d at 126) (emphasis supplied). The majority further acknowledges that "the nature of a confidential informer makes it impossible to know the specific information that the informer will have," and that "speculation [is] inherent in the language of § 905.10(3)(b)." <u>Id.</u>, ¶24.

2

¶44 Based on the plain word of the statute, "may," together with the directive from Outlaw that the showing need be only a "possibility," the majority correctly frames the test for obtaining an in camera review: "whether it 'appears from the evidence in the case or from other showing by a party that an informer may be able to give testimony necessary to a fair determination of the issue of guilt or innocence.'" Id., ¶22 (quoting Wis. Stat. § 905.10(3)(b)) (emphasis in original).

¶45 The majority acknowledges that obtaining an in camera review is merely the first step in determining whether the identity of an informer must be revealed. After the in camera review, the court must determine whether there is a reasonable probability that the informer will have testimony necessary for the defense. Id., ¶30 n.11.

II

¶46 After properly setting forth the test, the majority goes astray in its application of the test to Nellessen. It reasons that although motions under Wis. Stat. § 905.10(3)(b) will necessarily be speculative, Nellessen's motion fails because it is speculative: "Nellessen's entire motion is speculative, and she fails to sufficiently ground her assertion in the facts and circumstances of the case." Id., ¶33.

¶47 By acknowledging that the showing requires speculation, but determining that Nellessen's motion was insufficient because it was too speculative the majority sets a confusing standard for courts to follow.

3

¶48 Nellessen's motion was grounded in the facts and circumstances of the case to the extent possible. It referred to the information she had available to her——the detailed information the informer had provided——and asserted that due to the details already provided, the informer must have more knowledge about how the marijuana got into her trunk.

¶49 Nevertheless, the majority accuses Nellessen of not sufficiently referencing the facts and circumstances of the case. Id., ¶34. It fails to acknowledge that at this stage of the proceeding, a defendant will not have any information about the informer other than the State's representation of what the informer has stated. By requiring a defendant's motion to contain more detail in order to obtain an in camera hearing, the majority appears to unduly increase the burden on a defendant beyond the lenient test it previously embraced.

¶50 The majority's application is also problematic as it appears to conflate the two different steps of the procedure set forth in Wis. Stat. § 905.10(3) for revealing the identity of an informer. This court has interpreted the statute as creating a two-step procedure. Majority op., ¶30 n.11. In the first step, the court must determine whether to conduct an in camera review. That decision is the one at issue in this case, which is described in the majority's analysis. After conducting an in camera review, the second step requires the court to determine whether to reveal the identity of the informer. This second part of the procedure looks at "whether there is a reasonable

4

probability that the informer can give the testimony necessary to a fair determination." Outlaw, 108 Wis. 2d at 127.

¶51 The majority's conflation of the first and second steps of the procedure is apparent in its declaration that "[g]iven the strength of the evidence against Nellessen, the circuit court could reasonably conclude that the informer's testimony would not be necessary to the defense because it could not "'have created in the minds of the jurors a reasonable doubt' regarding a defendant's guilt." Majority op., ¶33.[1] The only way the court could have determined that the strength of the State's case could not be overcome by the testimony of the informer would be for it to somehow know the contents of that testimony. That knowledge, however, comes from conducting an in camera review.

¶52 As the court of appeals has explained, it is difficult for a circuit court to determine the value of disputed evidence without first conducting an in camera inspection:

---

[1] The majority's application is also problematic because it interprets the phrase "evidence in the case" in Wis. Stat. § 905.10(3)(a) as permitting a circuit court to consider evidence presented at the preliminary hearing. There is no analysis and no attempt to explain how the majority arrives at this conclusion. It does not attempt to apply State ex rel. Kalal v. Circuit Court for Dane Cnty., 2004 WI 58, 271 Wis. 2d 633, 681 N.W.2d 110, but instead makes an unsupported assertion.

Neither of the parties pointed to the evidence from the preliminary hearing or suggested that a consideration of that evidence was appropriate. It is folly to interpret a statute without any briefing, oral argument, or analysis supporting the interpretation.

> It may well be that the evidence contained in the psychiatric records will yield no information different from that available elsewhere. However, the probability is equally as great that the records contain independently probative information. It is also quite probable that the quality and probative value of the information in the reports may be better than anything that can be gleaned from other sources. Finally, the information might well serve as a confirmation of [the victim's] reality problems in sexual matters. It is the duty of the trial court to determine whether the records have any independent probative value after an in camera inspection of the records.

State v. Shiffra, 175 Wis. 2d 600, 611, 499 N.W.2d 719 (Ct. App. 1993) (emphasis in original). By weighing the proposed testimony against the strength of the State's case, before the contents of that testimony are even known, the majority inappropriately jumps to the second step of the procedure for revealing the identity of an informer.[2]

¶53 Further underscoring that it is conflating the two steps of the procedure, the majority reasons that providing Nellessen with an in camera review "would effectively allow the exception to the confidential informer privilege to nullify the privilege altogether." Majority op., ¶34. However, that would be the case only if the majority were analyzing whether to reveal the identity of the informer.

¶54 At this initial step, the court is to determine merely whether to conduct an in camera review. That is whether there

---

[2] I further note that it may be questionable that the court should be weighing the evidence at all. See Best Price Plumbing, Inc. v. Erie Ins. Exch., 2012 WI 44, ¶53, 340 Wis. 2d 307, 814 N.W.2d 419 ("[q]uestions about the weight and credibility of evidence are reserved for the trier of fact.").

is a possibility that the informer could supply testimony necessary to a fair determination of guilt or innocence. Determining whether to hold an in camera review should not be equated with revealing the identity of an informer. That decision is not made until after the review. It inquires whether there is a reasonable probability that an informer can give testimony necessary to a fair determination. The necessary showings are different.

### III

¶55 Contrary to the majority, I conclude that Nellessen met her burden to obtain an in camera review. As the majority observes, the burden to obtain an in camera review is light. Majority op., ¶19. "The showing need only be one of a possibility that the informer could supply testimony necessary to a fair determination." Outlaw, 108 Wis. 2d at 126. Outlaw explained that the phrase "necessary to a fair determination" means "necessary to support the theory of the defense." Id. at 141 (emphasis in original).

¶56 In this case Nellessen is charged with possession with intent to deliver THC in violation of Wis. Stats. §§ 961.41(1m)(h)2, 939.50(3)(h), 939.05. Her defense is that she did not know the marijuana was in the trunk of her car. Part of that defense necessarily includes that she was not present when the marijuana was placed in her car.

¶57 Nellessen's motion stated that due to the detailed information the informer gave to the police about her car and the marijuana in it, the informant "must have had information

7

about the transmission of the controlled substances from their original location to the defendant's vehicle." This is a logical conclusion.

¶58 According to Detective Cramm's testimony, the informer had identified Nellessen's car, indicated that it would be traveling from Minnesota through Marshfield to Stevens Point on the date in question, and stated that there would be a pound of marijuana in the car. The detail of the information that the informer provided indicates a familiarity with the facts and suggests that the informer likely had more information about how the marijuana got into Nellessen's car.

¶59 The information Nellessen seeks from the informer is not necessarily cumulative. Although there are no witness statements in the record indicating whether Nellessen was present while the marijuana was loaded into her trunk, the majority speculates that the information sought is cumulative because another witness, Rico Scott, could provide information about the transmission of the marijuana to Nellessen's car. Majority op., ¶31. However, merely because it is asserted that Scott could provide the information does not mean that he will. Scott's own involvement with loading the marijuana into Nellessen's car may affect his willingness to testify.

¶60 Nellessen was required to show only a reasonable possibility that the informer might have information necessary to her theory of the defense. Cf. Shiffra, 175 Wis. 2d at 612 (defendant's showing victim's "difficulties might affect both her ability to accurately perceive events and her ability to

8

relate the truth" sufficient to obtain an in camera review of her medical records (emphasis supplied)). Her motion and the record made that showing. It appears reasonably possible that the informer here had information on how the marijuana got into Nellessen's vehicle. That information is necessary to support Nellessen's defense that she had no knowledge the marijuana was in her car. Thus, I would affirm the court of appeals and remand for an in camera review.

IV

¶61 In sum, the majority errs when it appears to raise the burden on Nellessen and conflates the first and second step of the procedure to reveal the identity of an informer. These errors provide unclear and inaccurate guidance for circuit courts and litigants.

¶62 Contrary to the majority, I focus on the first step of the Wis. Stat. § 905.10(3)(b) procedure, whether there is a reasonable possibility that the informer's testimony may be necessary for a fair determination of the issue of guilt or innocence. Because I conclude that Nellessen's motion was sufficient to obtain an in camera review, I respectfully dissent.

¶63 I am authorized to state that Chief Justice SHIRLEY S. ABRAHAMSON joins this dissent.