In the

# United States Court of Appeals
## For the Seventh Circuit

No. 23-2880

RODNEY L. LASS,

*Petitioner-Appellant,*

*v.*

JASON WELLS, Warden,

*Respondent-Appellee.*

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 2:21-cv-00578-WED — **William E. Duffin**, *Magistrate Judge.*

ARGUED MAY 13, 2024 — DECIDED JUNE 26, 2024

Before SCUDDER, ST. EVE, and PRYOR, *Circuit Judges.*

SCUDDER, *Circuit Judge.* After Rodney Lass's state court trial on charges of misdemeanor domestic abuse ended in a mistrial, prosecutors recharged the case and, the second time around, added multiple felony counts. The second case ended in a guilty verdict on all but one charge, leaving Lass to pursue relief on direct appeal, in state post-conviction proceedings, and then in federal court under 28 U.S.C. § 2254. All along his primary contention has been that the second set of

charges were the product of an unconstitutional vindictive prosecution. The district court denied relief, and we affirm. Even on the generous assumption that Lass has not forfeited contentions he now presses on appeal, we see no way to read the state court's denial of post-conviction relief as reflecting any unreasonable application of law or determination of fact.

**I**

A

The facts come from the record compiled in the Wisconsin state court proceedings.

Rodney Lass faced misdemeanor domestic abuse-related charges in Wisconsin's Milwaukee County Circuit Court in the summer of 2012. This first case ended in a mistrial when the alleged victim, Lass's former girlfriend, disregarded a court order and made irrelevant and unduly prejudicial statements to the jury. About a year later Assistant District Attorney Jennifer Williams, who second chaired the first case but did not make the misdemeanor charging decision, brought a second round of charges, including nine felonies and two misdemeanors. These eleven counts incorporated the conduct underpinning the original misdemeanor charges and also included new allegations of misconduct dating back to 2008.

Lass saw the new case as vindictive—as violating his rights under the Fourteenth Amendment's Due Process Clause—and asked the trial court to dismiss it. He contended that the prosecutors leveled the expanded charges against him in retaliation for his seeking and receiving a mistrial in the misdemeanor case. Lass supported his motion with an affidavit from Robert Haney, his counsel at the first trial. Haney's affidavit recounted statements ADA Williams made

about what accounted for the broader charges in the second case. According to Haney, "ADA Williams stated that although her assignment within the Office of the District Attorney [was] changing, she was not going to allow the case against Mr. Lass to be assigned to another ADA. ADA Williams stated that even if she were to leave the District Attorney's Office and go into private practice, she would return under the District Attorney's pro bono program to personally see to the prosecution of Mr. Lass."

Haney's statement got the trial court's attention, with the judge asking ADA Williams to explain the new wave of broader, more serious felony charges against Lass. ADA Williams then appeared in open court and stated:

> I learned about the history of domestic violence from the victim in a face-to-face conversation at some point in my interaction with her, I know for a fact, in December, during—either before, during, or after the misdemeanor trial.

> When she told me about the incidents, I was not aware whether police reports had been filed ….

> At that point, I began to research whether or not I could bring additional charges, whether they were within the statute of limitations, which I found out later they were, and then I also discovered that there were police reports supporting what the victim was telling me. I don't remember when I learned about the police reports.

> But I can tell the Court, in all candor, when I heard about what he had done to her to inflict

these injuries in the past during the course of
their relationship, considering my oath as a
prosecutor, I was almost convinced that I had
no choice but to file these charges. That explains
my rationale.

The trial court credited this explanation, finding that the new charges were not vindictive because ADA Williams did not learn of the full range of Lass's criminal conduct until the misdemeanor prosecution was underway. Even more specifically, the court determined that the prosecutor could not have charged Lass with the felony counts the first time around because she did not yet have knowledge of the full scope of his criminal conduct. So the trial court denied Lass's request to dismiss the second case.

The jury found Lass guilty of all charges, save for one of the felony counts, with the trial judge later imposing a sentence of 40 years' imprisonment. Lass then began his pursuit of post-conviction relief, first in Wisconsin state court and later in federal court under 28 U.S.C. § 2254.

B

Lass's post-conviction motion proceeded not before the judge who tried the felony case, but instead before a different member of the Milwaukee County Circuit Court. The court denied Lass's request for post-conviction relief. It did so by renewing the reasoning underpinning the trial judge's prior rejection of the vindictive prosecution contention. Nor did the court see any need for an evidentiary hearing given the prior findings made in response both to attorney Haney's affidavit and ADA Williams's explanation for broadened charges in the second case. The court also denied Lass's request for post-

conviction relief on an unrelated ground regarding the admission at trial of a personal journal Lass kept while receiving anger management counseling.

The Wisconsin Court of Appeals affirmed. The court determined that the lower court committed no error—either during trial or in the post-conviction proceeding—in denying Lass an evidentiary hearing because he failed to allege facts that, if true, would establish a presumption of vindictiveness or actual vindictiveness. Instead, the facts that Lass did allege, the appellate court reasoned, were consistent with ADA Williams's stated reason for bringing the array of felony charges in the second case—in particular, the information she learned during the prosecution of the first case about the duration and extent of the domestic abuse.

The Wisconsin appellate court then made short work of Lass's separate claim for relief based on his trial counsel's failure to object to the admission into evidence of his personal journal. The court declined to consider the claim on the merits because, contrary to requirements of Wisconsin law, Lass made no effort to show any prejudice. The court likewise applied Wisconsin law in finding that Lass forfeited an altogether new claim—raised for first time on appeal in the state post-conviction proceedings—that the trial court violated his Sixth Amendment rights by excluding his presence at sidebars throughout the trial.

The Wisconsin Supreme Court then declined review.

## C

Lass's application for relief in federal district court under 28 U.S.C. § 2254 likewise fell short. As for the vindictive prosecution claim, the district court seemed of the view that the

Wisconsin Court of Appeals did not apply a presumption of
vindictiveness and that its declining to do so was neither con-
trary to nor reflected an unreasonable application of clearly
established U.S. Supreme Court precedent. This meant that
Lass failed to demonstrate entitlement to relief under
§ 2254(d)(1). From there the district court added that it saw
nothing unreasonable (or procedurally problematic) with the
Wisconsin trial court's finding that ADA Williams offered le-
gitimate, non-vindictive reasons for bringing the felony
charges against Lass in the second case. The state court's find-
ing, the district court reasoned, eliminated any need for an
evidentiary hearing in federal court.

The district court then declined to consider Lass's two re-
maining claims, finding both procedurally defaulted. Con-
trary to clear requirements of Wisconsin law, Lass failed to
develop any facts on the prejudice prong of his ineffective as-
sistance of counsel claim regarding the admission of his per-
sonal journal at trial and waited until appeal to say anything
about the trial court's handling of sidebar discussions.

We granted a certificate of appealability allowing Lass to
press all three grounds for relief on appeal.

## II

Two of Lass's contentions on appeal require little analysis,
as the district court was right to see both as procedurally de-
faulted.

Owing its existence to the independent and adequate state
law doctrine, see *Michigan v. Long*, 463 U.S. 1032 (1983), the
doctrine of procedural default limits state prisoners from re-
ceiving post-conviction relief in federal court, see *Wainwright
v. Sykes*, 433 U.S. 72, 81, 87 (1977). The doctrine precludes

federal court review of "claims that the state court denied based on an adequate and independent state procedural rule." *Davila v. Davis*, 582 U.S. 521, 527 (2017). Stated in more practical terms, this means that, in the absence of a showing of cause and prejudice to excuse the procedural default, we cannot reach the merits of "a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

These principles find straightforward application here. The Wisconsin Court of Appeals relied entirely on state procedural law in determining that Lass altogether failed in seeking state post-conviction relief to identify any prejudice he experienced from his trial counsel's failure to challenge the admission into evidence of the personal journal he kept while receiving anger management counseling. See *State v. Pettit*, 492 N.W.2d 633, 645 (Wis. Ct. App. 1992) (applying Wis. Stat. § 805.18(2), the state procedural law barring relief from harmless errors). That procedural failure precludes any federal consideration of this claim. See *Rogers v. Wells*, 96 F.4th 1006, 1013 (7th Cir. 2024) ("To preserve a claim for federal habeas review, a state prisoner must fairly present the operative facts and legal principles controlling the claim through a full round of state court review.").

So, too, for Lass's contention that the Wisconsin trial court violated the Sixth Amendment by excluding him from sidebar discussions. Lass raised this contention for the first time in the Wisconsin Court of Appeals, thereby forfeiting it. See *State v. Dowdy*, 808 N.W.2d 691, 694 (Wis. 2012) ("[I]ssues not raised in the circuit court will not be considered for the first time on

appeal."); see also *Flint v. Carr*, 10 F.4th 786, 794 (7th Cir. 2021) (recognizing that state forfeiture rules are "almost always" an adequate and independent state law ground for denying federal habeas review).

Lass has made no attempt to identify any ground on which to excuse either procedural default. In short, he has left us no choice but to affirm the district court's disposition of these two claims.

### III

We now turn to the only preserved issue in this appeal: Lass's contention that the state charging him with multiple felony counts following and indeed in response to the misdemeanor mistrial was the product of a vindictive prosecution. Our review of this claim is highly deferential. Congress has given us the authority to grant habeas relief from a judgment only when the state court's adjudication of a claim was "(1) contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court … or (2) was based on an unreasonable determination of facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

Lass anchors his vindictive prosecution claim, as he did in the Wisconsin courts, in ADA Jennifer Williams's explanation for bringing the expanded array of charges against him in the second case. Recall that Lass's trial counsel, Robert Haney, stated that ADA Williams told him that she was personally committed to pursuing the felony charges, allegedly saying that even if she went into private practice, she would return to the District Attorney's office pro bono to see a felony prosecution through. Lass views this explanation as vindictive

because ADA Williams used words laden with personal animosity and chose to press the slew of felony charges only after he succeeded in having the initial misdemeanor case declared a mistrial.

Framed this way, Lass urges us to hold that the Wisconsin Court of Appeals should have applied a presumption of vindictiveness under a modest extension of U.S. Supreme Court precedent holding that such presumption arises when defendants who successfully appeal a conviction come to face charges carrying increased sentencing exposure in a second case. See, *e.g.*, *United States v. Goodwin*, 457 U.S. 368, 375–77 (1982).

In advancing this position, however, Lass overlooks an express observation of the Wisconsin Court of Appeals—the last state court to consider his vindictiveness claim on the merits. See *Greene v. Fisher*, 565 U.S. 34, 38 (2011). The Court of Appeals explained that it was willing to assume that "the presumption [of vindictiveness] could apply when a defendant alleges that a prosecutor added new felony charges to retaliate against a defendant for a successful mistrial motion." Given this statement, it is difficult to credit Lass's suggestion that the Wisconsin court's decision reflected a broad legal error.

Lass's remaining arguments anchor themselves much more in the facts underpinning his contention that ADA Williams acted vindictively by bringing the felony charges against him in the second prosecution. As best we can tell, Lass advances these arguments under the legal standard of § 2254(d)(1) with the dual, interrelated aim of establishing actual vindictiveness and convincing us that the Wisconsin Court of Appeals' decision reflected an unreasonable

application of Supreme Court precedent. See *United States v. Spears*, 159 F.3d 1081, 1086 (7th Cir. 1998) (explaining that vindictiveness requires a showing of "objective evidence" that the prosecutor brought additional charges based on something other than "the usual determinative factors" a responsible prosecutor would consider before bringing charges).

This presentation confuses us, however, because Lass does very little, if anything, to identify the precise legal error the Wisconsin Court of Appeals committed in its reasoning. At points he hints back to his contention that the Wisconsin court should have afforded him an express presumption of vindictiveness. But he never identifies where he sees that error in the Wisconsin Court of Appeals' opinion or, even more, how it prejudiced him. So we have a hard time seeing any basis for relief on these grounds under § 2254(d)(1).

In the main, Lass devotes his brief to trying to persuade us that the Wisconsin Court of Appeals' view of the facts was incomplete and thus that the proper course is to remand with directions to the district court to hold an evidentiary hearing. Here, too, though, the position confuses more than it clarifies. The argument has all the earmarks of a fact-based contention pressed under 28 U.S.C. § 2254(d)(2), specifically that the Wisconsin Court of Appeals denied post-conviction relief based on an unreasonable view of the facts. Yet nowhere in the district court or before us has Lass ever mentioned § 2254(d)(2). So it sure seems that, at least in our court, he has forfeited arguments based on that provision. But the forfeiture point need not consume us. Given the consideration the Wisconsin Court of Appeals gave to the factual contentions underpinning Lass's vindictive prosecution claim, and the respect federal courts owe to that factual assessment, the district court

was right to see no basis for an evidentiary hearing. See *Wilson v. Sellers*, 584 U.S. 122, 125 (2018) ("[A] federal habeas court simply reviews the specific reasons given by the state court and defers to those reasons if they are reasonable."). Even on the generous view that the argument is before us, and without deciding whether Lass's argument is forfeited, we see nothing unreasonable about the Wisconsin Court of Appeals' view of the facts and, by extension, no basis for an evidentiary hearing.

Most important on the factual front is to return to what happened in the Wisconsin trial and post-conviction proceedings. Lass's contention that the felony prosecution was vindictive—exposing him to substantial prison time and coming as it did on the heels of the misdemeanor case ending a mistrial—did not fall on deaf ears. To the contrary, the Wisconsin trial court required ADA Williams to come to court and explain on the record the basis for the felony charges. The court did so fully aware of defense counsel Robert Haney's affidavit recounting ADA Williams's statements about her personal resolve to see that Lass face felony charges. The trial judge then made an express finding that there was no evidence showing that the state brought the felony charges against Lass to retaliate against or punish him for moving for and receiving a mistrial in the initial misdemeanor prosecution. Put most simply, the trial court found ADA Williams's explanation credible.

It was that precise finding that the Wisconsin trial court returned to in denying Lass's request for post-conviction relief. By then Lass's case had been reassigned to a new judge, who, upon reviewing the record, saw no reason to revisit or second guess the prior finding crediting ADA Williams's explanation that she brought the felony charges in the second

case because of information she learned in connection with the initial misdemeanor case.

The Wisconsin Court of Appeals then affirmed, expressly recounting this procedural history and, even more, identifying no basis for questioning the trial judge's finding that ADA Williams offered a credible explanation for bringing the felony charges. The same reasoning drove the court's conclusion that the trial court, both as an initial matter and in the state post-conviction proceedings, committed no error in declining to hold an evidentiary hearing. The trial court's express finding that the felony prosecution was not vindictive, the appellate court explained, meant that an evidentiary hearing at this point would be little more than a "fishing expeditio[n]."

In the final analysis, we see no basis for federal habeas relief under § 2254(d) on Lass's vindictive prosecution claim. No aspect of the Wisconsin Court of Appeals' rationale is contrary to or reflects an unreasonable application of clearly established U.S. Supreme Court precedent. And, perhaps more to the point, the record shows that the Wisconsin courts—the trial court and the Wisconsin Court of Appeals—considered and reasonably rejected the precise fact-based arguments Lass presses in his pursuit of federal habeas relief. It is not enough for Lass to disagree with findings of those courts or to argue that more could have been done in an evidentiary hearing to allow him to explore and test ADA Williams's credibility. See *Brumfield v. Cain*, 576 U.S. 305, 314 (2015) (requiring substantial deference to the state trial court's factual findings on § 2254(d)(2) review because mere disagreement about a factual finding is insufficient for relief).

For these reasons, we AFFIRM.